# Supreme Court of Florida

_____

No. SC15-311

_____

**INQUIRY CONCERNING A JUDGE NO. 14-557 RE: JESSICA J. RECKSIEDLER.**

[April 9, 2015]

PER CURIAM.

In this case, we review the findings and recommendation of discipline of the Florida Judicial Qualifications Commission (JQC), recommending that Judge Jessica J. Recksiedler, Eighteenth Judicial Circuit Court Judge, receive the sanction of a public reprimand for violating Canons 1, 2A, 4A(2), and 4A(3) of the Florida Code of Judicial Conduct. Judge Recksiedler agreed to the JQC's findings of fact and recommendation of discipline and entered into a stipulation. We have jurisdiction. See art. V, § 12, Fla. Const. For the reasons that follow, we approve the stipulation, the findings of fact, and the recommended discipline of a public reprimand.

## I. BACKGROUND

The allegations in the Notice of Formal Charges filed by the JQC against Judge Recksiedler stem from a series of interviews before the Fifth District Court of Appeal Judicial Nominating Commission (abbreviated in the stipulation as the "5th DCA JNC"). As set forth in the stipulation:

> During an interview on March 28, 2013, the JNC questioned Judge Recksiedler regarding her driving record. Then, on March 17, 2014, while driving to another interview with the 5th DCA JNC, the Florida Highway Patrol stopped Judge Recksiedler and issued her a citation for speeding. The traffic stop caused Judge Recksiedler to be late for her interview with the JNC.
>
> 5. In her opening statement to the JNC on March 17, 2014, Judge Recksiedler addressed the Commission's previously expressed concerns about her driving record by stating that she "takes its concerns about her driving seriously." At no point during or after her interview, however, did Judge Recksiedler inform the members of the JNC that she had received a speeding ticket that morning. The JQC believes that the incompleteness of Judge Recksiedler's statements to the JNC constitutes a lack of candor. See In re Holloway, 832 So. 2d 716 (Fla. 2002) (holding that testimony in a proceeding that is misleading and incomplete constitutes an ethical violation).
>
> 6. Later, on September 18, 2014, Judge Recksiedler had a third interview before the 5th DCA JNC. That interview was videotaped by a local news organization. The link to the interview is: http://volusiaexposed.com/jnc/jnc9182014.html. During this interview, a Commissioner asked Judge Recksiedler about her driving record. "Judge, you came before us in March earlier this year and you addressed some of the commission's concerns regarding your driving record and I was wondering how that was going. Have you had any stops this year?"
>
> 7. When testifying before the JQC investigative panel, Judge Recksiedler explained that she knew that each member of the JNC had background information that included her traffic record, including her March 17 stop. She misunderstood the question to be about stops since her March 17 JNC appearance when she had received the citation in route to the interview and as referenced by the questioner. Thus, Judge Recksiedler testified, she answered "no." While her

answer may not have been intentionally false, it was confusing and misleading. Judge Recksiedler acknowledges that she should have mentioned the March 17 traffic stop to avoid the confusion and to ensure that the commission was aware that she was not trying to avoid the issue.

The stipulation explains that Judge Recksiedler does not contest the JQC's finding that her conduct violated Canons 1, 2A, 4A(2), and 4A(3) of the Code of Judicial Conduct. Judge Recksiedler also does not contest the JQC's recommended discipline of a public reprimand as the appropriate sanction for these violations.

## II. ANALYSIS

Article V, section 12, of the Florida Constitution, provides that in cases of judicial misconduct, this Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the [JQC] and it may order that the . . . judge be subjected to appropriate discipline." Art. V, § 12(c)(1), Fla. Const. "This Court reviews the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence, and reviews the recommended discipline to determine whether it should be approved." In re Flood, 150 So. 3d 1097, 1098 (Fla. 2014) (quoting In re Woodard, 919 So. 2d 389, 390 (Fla. 2006)). "Although this Court gives the findings and recommendations of the JQC great weight, the ultimate power and responsibility in making a determination

to discipline a judge rests with this Court." Id. (quoting In re Renke, 933 So. 2d 482, 493 (Fla. 2006)).

In its findings and recommendation of discipline, the JQC found that Judge Recksiedler's conduct violated Canons 1, 2A, 4A(2), and 4A(3) of the Code of Judicial Conduct, which require a judge to act at all times in a manner that upholds the integrity and independence of the judiciary, to avoid the appearance of impropriety, and to avoid engaging in any activities that demean the judicial office. Canon 1 states: "A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved." Fla. Code of Jud. Conduct, Canon 1. Canon 2A states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Fla. Code of Jud. Conduct, Canon 2A. Canon 4A(2) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not . . . undermine the judge's independence, integrity, or impartiality." Fla. Code of Jud. Conduct, Canon 4A(2). Canon 4A(3) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not . . . demean the judicial office." Fla. Code of Jud. Conduct, Canon 4A(3).

As set forth in the JQC's findings and recommendation:

The Investigative Panel of the Commission has now entered into a Stipulation with Judge Recksiedler in which Judge Recksiedler admits that her conduct in omitting and later providing factually inaccurate information regarding a traffic stop to the JNC was inappropriate. This conduct violated Canons 1, 2A, 4A(2), and 4A(3) of the Code of Judicial Conduct, as set forth in the Stipulation . . . .

Judge Recksiedler has admitted the foregoing, accepts full responsibility, and acknowledges that such conduct should not have occurred.

The Judicial Qualifications Commission has concluded that while the judge did not provide the level of candor expected of a judicial officer, it appears that her testimony before the JNC was not intentionally dishonest[;] however, the statement of March 17, 2014, was incomplete through omission, and the statement during the September 18, 2014, interview, while perhaps the result of a misunderstanding, was factually inaccurate and Judge Recksiedler did not clarify her response. Accordingly, the Commission therefore finds and recommends that in the interests of justice, the public welfare and sound judicial administration will be well served by a public reprimand of Judge Recksiedler.

Candor as a judge is clearly critical. The JQC determined that Judge Recksiedler's lack of candor may not have been "intentionally false" but it was "confusing and misleading." The JQC further determined that omitting important information requested from the Fifth District Court of Appeal Judicial Nominating Commission and then later providing inaccurate information regarding the traffic stop "was inappropriate." We agree with the JQC that the incompleteness and inaccuracy of the responses constitutes a lack of candor amounting to an ethical violation where, as here, the statements are misleading. See In re Holloway, 832 So. 2d 716, 726-27 (Fla. 2002). We also agree with the JQC that Judge

Recksiedler's conduct demonstrated a lack of candor not befitting the high standards of ethical conduct that we expect of all judges in this state.

We have held that "where a judge admits to wrongdoing and the JQC's findings are undisputed, this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." In re Flood, 150 So. 3d at 1098 (quoting In re Diaz, 908 So. 2d 334, 337 (Fla. 2005)). In this case, Judge Recksiedler admitted to the wrongdoing, and upon review, we determine that the JQC's findings of fact are supported by clear and convincing evidence. Accordingly, we agree with the JQC that Judge Recksiedler's actions violated Canons 1, 2A, 4A(2), and 4A(3) of the Code of Judicial Conduct.

Because we conclude that the findings of the JQC are supported by clear and convincing evidence, we give these findings "persuasive force and great weight" in our consideration of the JQC's recommended discipline. Id. at 1099 (quoting In re Maloney, 916 So. 2d 786, 788 (Fla. 2005)). The JQC has advised this Court that the interests of justice, the public welfare, and sound judicial administration will be well served by a public reprimand of Judge Recksiedler. We have also considered that Judge Recksiedler "accepts full responsibility for the conduct set forth above, admits that it should not have occurred, and regrets and apologizes for such conduct." We therefore approve the recommended discipline of a public reprimand.

### III.  CONCLUSION

For all these reasons, we conclude that there is clear and convincing evidence in support of the JQC's findings of fact as to all four violations of the Code of Judicial Conduct, and we approve the stipulation entered into by Judge Recksiedler and the JQC.  Accordingly, we hereby command Judge Jessica J. Recksiedler to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, and POLSTON, JJ., concur.
LEWIS, J., did not participate.
PERRY, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Ricardo Morales, III, Chair, and Alexander John Williams, Assistant General Counsel, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Larry Gibbs Turner of Turner, O'Connor, Kozlowski, Gainesville, Florida,

for Judge Jessica J. Recksiedler, Respondent