# Supreme Court of Florida

_____

No. SC16-548

_____

**INQUIRY CONCERNING A JUDGE, NO. 15-530
RE: JERRI COLLINS.**

[July 7, 2016]

PER CURIAM.

In this case, we review the revised consent judgment entered into by the Florida Judicial Qualifications Commission (JQC) and Seminole County Judge Jerri Collins. The revised consent judgment imposed the following sanctions on Judge Collins: a public reprimand before this Court, completion of an anger management course, and attendance at the domestic violence course offered during Phase II of the Florida Judicial College. We have jurisdiction. See art. V, § 12, Fla. Const. For the following reasons, we approve the revised consent judgment.

## BACKGROUND

On March 30, 2016, the JQC filed in this Court a Notice of Formal Charges against Judge Jerri Collins for conduct in violation of Canons 1, 2A, and 3B(4) of the Code of Judicial Conduct. Judge Collins violated these canons in the course of presiding over the case of State v. Myles Brennan (Seminole County Case No.

2015MM4751A) when she berated and belittled a victim of domestic violence for failing to respond to a subpoena issued by the State Attorney to testify in the trial against her abuser, who is the father of her child. As a result of the victim's failure to appear, the State was unable to proceed with the trial. Consequently, the State dismissed a charge against the defendant for dangerous exhibition of a weapon and the defendant accepted a plea to a reduced charge of simple battery.

Judge Collins issued an order to show cause why the victim should not be held in contempt of court for violating the trial subpoena by failing to appear for trial. When the victim appeared before Judge Collins, the judge instituted direct criminal contempt proceedings in which the victim was not represented by counsel nor advised of her right to present evidence or testimony on her own behalf. During the contempt proceedings, Judge Collins was discourteous and impatient toward the distraught victim. The victim apologized for failing to appear, citing anxiety, depression, and a desire to move on from contact with her abuser as reasons why she did not appear for trial. Meanwhile, Judge Collins raised her voice, used sarcasm, spoke harshly, and interrupted the victim. Judge Collins found the victim in contempt of court and sentenced her to spend three days in jail even though the victim pleaded with the court that she needed to take care of her one-year-old child.

Furthermore, Judge Collins' behavior created the appearance of partiality toward the State. After pressing the victim about the veracity of her statements to police, Judge Collins rebuked her for failing to appear to testify, declaring "You disobeyed a court order knowing that this was not going to turn out well for the State." Judge Collins noted that the victim previously indicated to the State Attorney that she was not going to show up. The victim further disclosed that at a domestic abuse class she asked them to drop the charges because she was trying to move on with her life. Moreover, the victim declared that she was "not in a good place," a remark to which Judge Collins responded, "and violating a court order did not do anything for you."

Following this incident, Judge Collins entered into a Stipulation with the JQC admitting her misconduct and stipulating to a public reprimand. Judge Collins explained her good faith belief that she was exercising appropriate legal authority in holding the victim in direct criminal contempt for failing to appear in response to a subpoena.[1] However, the judge acknowledged that she should have been more patient, used less inflammatory and sarcastic language, and used a less aggressive tone during the proceedings. Judge Collins accepted full responsibility

---

1. After the incident at issue, this Court released its opinion in State v. Diaz de la Portilla, 177 So. 3d 965 (Fla. 2015), clarifying that a failure to appear in court should be treated as indirect criminal contempt.

for her conduct and expressed remorse that her intemperate conduct brought unnecessary criticism upon her court and the entire judiciary, and could impair the public's perception of the fairness and impartiality of Florida's justice system.

However, upon review of the charges and the terms of the Stipulation, this Court concluded that the terms of the Stipulation were inadequate to address the violation. Consequently, this Court issued an order on April 25, 2016, rejecting the terms of the Stipulation and disapproving the proposed sanction. The order declared that this Court would require successful completion of an anger management course and attendance at the domestic violence course offered during Phase II of the Florida Judicial College in addition to the public reprimand. On May 5, 2016, Judge Collins and the JQC filed a revised consent judgment agreeing to the terms outlined in this Court's order.

## ANALYSIS

This Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the [JQC] and it may order that the . . . judge be subjected to appropriate discipline." See, e.g., In re Sheehan, 139 So. 3d 290, 291-92 (Fla. 2014) (quoting art. V, § 12(c)(1), Fla. Const.). "This Court reviews the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence, and reviews the recommended discipline to determine whether it should be approved." In re Flood, 150 So. 3d 1097, 1098

(Fla. 2014) (quoting In re Woodard, 919 So. 2d 389, 390 (Fla. 2006)). "Although this Court gives the findings and recommendations of the JQC great weight, the ultimate power and responsibility in making a determination to discipline a judge rests with this Court." Id. (quoting In re Renke, 933 So. 2d 482, 493 (Fla. 2006)).

The JQC alleged that Judge Collins' conduct violated Canons 1, 2A, and 3B(4) of the Code of Judicial Conduct. Canon 1 states: "An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved." Fla. Code of Jud. Conduct, Canon 1. Canon 2A states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Fla. Code of Jud. Conduct, Canon 2A. Canon 3B(4) states: "A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control." Fla. Code of Jud. Conduct, Canon 3B(4).

We have held that "where a judge admits to wrongdoing and the JQC's findings are undisputed, this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." In re Flood, 150 So. 3d at 1098

- 5 -

(quoting In re Diaz, 908 So. 2d 334, 337 (Fla. 2005)). In the Stipulation filed with this Court, Judge Collins accepted full responsibility for her wrongful conduct. She acknowledged and expressed regret that her conduct was not patient, courteous, or dignified, and resulted in multiple violations of the Code of Judicial Conduct. Moreover, Judge Collins was remorseful that the manner in which she carried out her judicial duties placed the judiciary in a negative light. Thus, we conclude that the JQC's findings are supported by clear and convincing evidence.

However, upon reviewing the findings of the JQC, we determined that a public reprimand was insufficient to address Judge Collins' violations. This Court has repeatedly concluded that a public reprimand is the appropriate form of discipline for a "judge's rude or intemperate behavior in open court." See In re Wood, 720 So. 2d 506, 509 (Fla. 1998). However, Judge Collins' aggressive tone with a victim of domestic violence and the interjection of comments exhibiting partiality toward the State warranted additional sanctions. See In re Woodard, 919 So. 2d at 392 (approving public reprimand and completion of anger management counseling for judge's repeated tardiness, rudeness, and impatience in dealing with attorneys, litigants, and witnesses appearing before him).

The revised consent judgment subsequently entered into by the JQC and Judge Collins includes terms more appropriate to address the acts of misconduct in this case. Thus, we approve the terms of the revised consent judgment requiring

Judge Collins' appearance before this Court for a public reprimand, completion of an anger management course, and attendance at the domestic violence course offered during Phase II of the Florida Judicial College. We recognize that Judge Collins completed an anger management course on April 29, 2016, satisfying the sanction imposed by the revised consent judgment.

## CONCLUSION

We accept the revised consent judgment entered into by Judge Jerri Collins and the JQC. Accordingly, we hereby command Judge Jerri Collins to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court. We recognize Judge Collins' completion of the anger management course. Furthermore, we approve the condition that Judge Collins attend the domestic violence course offered during Phase II of the Florida Judicial College.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
PERRY, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Judge Kerry I. Evander, Chair, Judge James A. Ruth, Vice-Chair, Michael Louis Schneider, Executive Director and General Counsel, and Alexander John Williams, Assistant General Counsel, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Warren William Lindsey of Lindsey & Ferry, P.A., Winter Park, Florida,

for Judge Jerri Collins, Respondent