# Supreme Court of Florida

_____

No. SC15-2148
_____

**INQUIRY CONCERNING A JUDGE NO. 15-200**
**RE: JOHN PATRICK CONTINI.**

[November 10, 2016]

PER CURIAM.

In this case, we review the Findings and Recommendations of the Florida Judicial Qualifications Commission (JQC). The JQC recommends that Judge John P. Contini receive the sanction of a public reprimand plus the conditions that he hand deliver a written apology letter, continue active judicial mentoring for three years, set up and complete a stress management program, and be assessed the costs of these proceedings. We have jurisdiction. See art. V, § 12, Fla. Const. For the reasons that follow, we approve the JQC's findings and recommended discipline.

## BACKGROUND

Judge Contini of the Seventeenth Judicial Circuit took office in January 2015. On October 9, 2015, the JQC filed a Notice of Formal Charges against Judge Contini for conduct in violation of Canons 1, 2A, 3B(4), 3B(7), 3B(9), and

3E(1) of the Code of Judicial Conduct.[1]  As detailed below, these violations manifested themselves threefold: (1) sending an ex parte e-mail to the Broward Public Defenders Office; (2) failing to seek a recusal or transfer when an appeal effectively froze his division; and (3) making impertinent and belittling remarks in open court about a pending matter.

During his first day of attendance at Phase I of Florida's Judicial College, in March 2015, Judge Contini sent the Broward Public Defender's Office an ex parte e-mail.  That e-mail—which contained suggestions for the use of a proposed order as a general template for downward departure motions—was neither copied nor forwarded to the Broward State Attorney's Office at that time.  Instead, Judge Contini waited seven days, until he returned home to the bench after attending the Judicial College, to distribute the order to several state attorneys.  On March 26, 2015, after the State Attorney's Office became aware of the ex parte communication, the State filed a motion to disqualify Judge Contini from all open pending criminal cases.  Judge Contini denied that motion as legally insufficient.

As a result, on April 9, 2015, the State, through the Attorney General's Office, petitioned the Fourth District Court of Appeal for a writ of prohibition

---

1. The Notice also alleged violations of Canons 4A(1), 4A(2), 4A(3), 4A(4), 4A(5), 5A(1), 5A(2), 5A(3), 5A(4), and 5A(5) of the Code of Judicial Conduct; however, those allegations were without factual support.

- 2 -

seeking to disqualify Judge Contini from a list of 962 cases. On June 10, 2015, the Fourth District issued an order to show cause concerning the writ, which stayed further proceedings in the cases to which it applied. Although there was no formal stay in effect until the show cause order was issued, all parties acted as though a stay was in effect between March 26 and June 10. Judge Contini's division—the criminal division—was essentially frozen, yet he neither recused himself sua sponte nor sought an administrative transfer. Instead, he remained within the division hoping for personal vindication.

While the writ proceedings were pending, on May 4, 2015, the JQC served Judge Contini with a Notice of Investigation with regard to his ex parte e-mail. In response, Judge Contini acknowledged that the e-mail was a "serious mistake" and explained that he denied the disqualification motion because the ex parte e-mail—while improper—was general in nature and unrelated to any particular case. Still, Judge Contini appeared before the JQC Investigative Panel on June 5, 2015, offered "no excuses," and apologized for his conduct. The JQC took his testimony under advisement, but it did not vote on whether to pursue formal charges.

It appears that Judge Contini became increasingly frustrated until he lost his temper in open court during August 11 and 12, 2015, hearings. In one instance, he said, "And if a prosecutor, someone with the AG's office, wants to put that person's case on their disingenuous list of cases that are pending sentencing, that's

a lie from the pit of hell, and that is a fraud on the Fourth [District]." He wished that the Fourth District would "spank the person who put [a case on the] disingenuous list" and "ream out the idiot who put [that case] on the list." The assistant attorney general who signed the initial list, Heidi Bettendorf, was not present. However, Judge Contini chastised her by name for "misleading" and committing "fraud on the Fourth [District]." In another instance, Judge Contini threatened a state attorney with contempt while raising his voice and accusing him of inappropriate behavior. Judge Contini demanded that the state attorney admit to assisting Bettendorf with the creation of the list and ordered bailiffs to escort the attorney from the courtroom after the exchange.

Almost immediately following the August 11 and 12 exchanges, Judge Contini sought an administrative transfer. Before filing formal charges, the JQC held a second investigative hearing during which Judge Contini explained that he disagreed with the State's list of cases, but he admitted that he "personified incivility" and offered "no excuses." After a Final Hearing, the JQC issued its findings, conclusions, and recommendations, which Judge Contini expressly accepted.

The JQC determined that "Judge Contini was a new judge, who underestimated the process of transitioning from a well-respected, professional lawyer to a judge, and made a series of significant missteps." However, the JQC

did not recommend suspension or removal for this misconduct. Due to the nature of Judge Contini's variegated infractions, and the mitigating factors in this case, the JQC reasoned that a public reprimand plus conditions were appropriate.

**ANALYSIS**

The Florida Constitution provides that, in a case of judicial misconduct, this Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the [JQC]." Art. V, § 12(c)(1), Fla. Const. This Court reviews JQC findings to ensure that there is clear and convincing evidence to support the alleged misconduct. In re Watson, 174 So. 3d 364, 368 (Fla. 2015), cert. denied, 136 S. Ct. 863 (2016). When the respondent judge "admits to wrongdoing and the JQC's findings are undisputed, this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." In re Collins, 195 So. 3d 1129, 1132 (Fla. 2016); In re Diaz, 908 So. 2d 334, 337 (Fla. 2005).

Judge Contini acknowledged that his conduct constituted the following violations of the Florida Code of Judicial Conduct: (1) sending the ex parte e-mail (Canon 3B(7)[2]); (2) failing to seek a recusal or administrative transfer from his division when the State's appeal effectively froze the criminal division (Canon

---

2. "A judge shall not initiate, permit, or consider ex parte communications . . . ."

3E(1)[3]); and (3) making impertinent and inappropriate comments during the August 11 and 12 hearings (Canons 1,[4] 2A,[5] 3B(4),[6] and 3B(9)[7]). Thus, based on this Court's precedent and Judge Contini's admissions, we conclude that the JQC findings are supported by clear and convincing evidence.

When JQC findings are supported by clear and convincing evidence, the findings are entitled to "persuasive force and great weight." In re Maloney, 916 So. 2d 786, 787-88 (Fla. 2005). "However, the ultimate power and responsibility in making a determination rests with this Court," In re Davey, 645 So. 2d 398, 404 (Fla. 1994); therefore, this Court "reviews the recommended discipline to determine whether it should be approved." In re Flood, 150 So. 3d 1097, 1098 (Fla. 2014).

---

3. "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."

4. "A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards . . . ."

5. "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

6. "A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity . . . ."

7. "A judge shall not, while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect its outcome or impair its fairness . . . ."

The people of Florida demand that our judiciary meet a high standard of ethics.  See In re Hawkins, 151 So. 3d 1200, 1212 (Fla. 2014).  Altogether, Judge Contini's conduct fell well below that standard.  His actions "not only damaged public confidence in him as a judicial officer but struck 'at the very roots of an effective judiciary . . . .' "  In re Shea, 110 So. 3d 414, 418 (Fla. 2013).  Accordingly, Judge Contini's conduct warrants serious review to determine whether he possesses the present fitness to hold office as required by article V, section 12, of the Florida Constitution.

Although Judge Contini's conduct was as improper as it was rude, this Court's precedent suggests that a public reprimand with additional conditions are appropriate under these circumstances.  See generally In re Shea, 110 So. 3d 414 (demeaning comments made to litigants and attorneys over the course of three years); In re Schapiro, 845 So. 2d 170 (Fla. 2003) (pattern of belittling, embarrassing conduct directed at attorneys over four years); In re Collins, 195 So. 3d at 1129 ("berat[ing] and belittl[ing] a victim of domestic violence" once); In re Holder, 195 So. 3d 1133 (Fla. 2016) (holding that even a well-intentioned ex parte communication may be a conduct violation).  In Shea, this Court approved a similar recommendation based on the JQC findings.  110 So. 3d at 416-17.  As in this case, Judge Shea admitted his Code of Judicial Conduct violations for

- 7 -

repeatedly losing his temper in open court.  Id.  This Court approved the public reprimand plus conditions tailored to the misconduct.  Id. at 419.

To be sure, the nature of a judge's misconduct is central to our analysis; however, this Court also considers mitigating factors when reviewing JQC recommendations.  See In re Eriksson, 36 So. 3d 580, 595 (Fla. 2010).  Judge Contini accepted full responsibility for his actions at every stage of these proceedings and, according to the JQC, he "expressed sincere remorse."  Also, Judge Contini was new to the bench, sending the ex parte e-mail during his first day of Judicial College.  The fact that he distributed the order to the State within a week suggests that his ex parte communication was not intentionally prejudicial.  Finally, Judge Contini apologized to one attorney, agreed to apologize to another, and has agreed to mental health treatment and guidance from experienced judges, which are all conditions directly relevant to his misconduct.

The mitigation and severity of misconduct here is comparable to that reflected in Shea; therefore, an analogous result is appropriate.  Were it not for the mitigating circumstances and Judge Contini's full and complete cooperation with the JQC, this Court could have considered more severe sanctions.  In light of Judge Contini's actions, the relevant case law, and the mitigating factors, these sanctions and conditions imposed today are fitting and appropriate.  Thus, without condoning Judge Contini's misconduct, this Court approves the JQC recommendations.

## III. CONCLUSION

For these reasons, we approve the JQC's Findings and Recommendations of a public reprimand, letter of apology, continued judicial mentoring, completion of a mental health program, and assessment of costs of these proceedings. Accordingly, we hereby command Judge John P. Contini to appear before this Court for the administration of a public reprimand at a time to be set by the Clerk of this Court. See In re Frank, 753 So. 2d 1228, 1242 (Fla. 2000).

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Hon. Kerry I. Evander, Chair, Michael Louis Schneider, Executive Director and General Counsel, and Alexander John Williams, Special Counsel and Assistant General Counsel, Tallahassee, Florida; Hon. Robert James Morris, Jr., Hearing Panel Chair, Lakeland, Florida; and Lauri Waldman Ross of Ross & Girten, Miami, Florida,

    for Florida Judicial Qualifications Commission, Petitioner

David Bill Rothman and Jeanne T. Melendez of Rothman & Associates, P.A., Miami, Florida; and Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale, Florida,

    for Judge John Patrick Contini, Respondent