# Supreme Court of Florida

———————

No. SC15-1746

———————

**INQUIRY CONCERNING A JUDGE NO. 14-488 RE: KIMBERLY MICHELE SHEPARD.**

[May 4, 2017]

PER CURIAM.

This matter is before the Court to review the determination of the Florida Judicial Qualifications Commission (JQC) that Circuit Court Judge Kimberly Michele Shepard violated Canons 7A(3)(e)(ii) (candidate shall not knowingly misrepresent facts concerning the candidate or an opponent) and 7A(3)(b) (candidate shall act with integrity) of the Florida Code of Judicial Conduct, and Rule 4-8.2(b) (candidate shall comply with applicable provisions of the Code of Judicial Conduct) of the Rules Regulating The Florida Bar during her judicial campaign. We conclude that the JQC Hearing Panel's findings are supported by clear and convincing evidence. For the violations in this case, the Hearing Panel recommended: (1) a public reprimand; (2) a ninety-day suspension without pay;

and (3) payment of investigative costs and the costs of these proceedings. We approve the sanction recommended by the Hearing Panel.

## I. BACKGROUND

Judge Shepard took office as a circuit court judge in the Ninth Judicial Circuit after a contested election in August 2014. This case arose out of charges brought against Judge Shepard alleging that she circulated a "deceptive" and "misleading" advertisement during her campaign for election to judicial office.

On September 24, 2015, the JQC Investigative Panel filed a notice of formal charges against Judge Shepard under article V, section 12(b) of the Florida Constitution and Florida Judicial Qualifications Commission Rule 6(f). The notice of formal charges alleged violations of Canons 1 (judge shall uphold the integrity and independence of the judiciary), 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary), 7A(3)(b), 7A(3)(c) (candidate shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate's direction and control, from doing on the candidate's behalf what the candidate is prohibited from doing under the Code of Judicial Conduct), 7A(3)(d) (candidate, except to the extent permitted by Canon 7C(1), shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing

under the Code of Judicial Conduct), and 7A(3)(e)(ii) of the Florida Code of

Judicial Conduct, and was amended on January 8, 2016, to allege violations of

Rule 4-8.2(b) of the Rules Regulating The Florida Bar. The Amended Notice of

Formal Charges set forth in relevant part:

1. During your contested 2014 judicial campaign both you and your opponent sought the endorsement of the Orlando Sentinel newspaper. The Orlando Sentinel chose to endorse your opponent, Norberto Katz. In their endorsement they highlighted his experience. They also noted that Mr. Katz had been suspended from the Florida Bar in 1995 for misconduct. They noted that he had diligently worked to rebuild his reputation and had become chair of the Bar's family law section and had been endorsed by 18 past Orange County Bar presidents, a clear indication that he had regained his good standing within the legal community.

2. Prior to the Orlando Sentinel formally selecting Mr. Katz, you circulated a campaign advertisement that stated:

   "Ms. Shepard has done well. She has kept her promises. She has worked hard. She has maintained her integrity."
   - The Orlando Sentinel.

3. This quotation was deceptive because it was actually an endorsement you received during a 1994 campaign for re-election to the Florida House. Compounding the mendacity, your use of this quote on the advertisement did not include the date that the Sentinel had actually endorsed you.

4. In defending your undated use of this 20-year-old endorsement you stated that you were attempting to show that you had been in public service before, and had previously earned the public's trust. However, nowhere on this advertisement is there a reference to your prior public service as a member of the Florida House. In fact, in quoting the prior endorsement, you purposefully excluded parts of the original endorsement that made reference to your legislative service.

(Emphasis and alteration omitted.)

Judge Shepard answered, denying that her advertisement was "either intentionally or actually deceptive" or violative of Canons 1, 2A, 7A(3)(b), 7A(3)(c), 7A(3)(d), or 7A(3)(e)(ii) of the Florida Code of Judicial Conduct. Judge Shepard denied that she attempted to knowingly mislead anyone through her advertisement. Judge Shepard asserted that "[t]here is no indication that [her] integrity or character underwent a fundamental transformation in the intervening [twenty] years since being recognized and praised by the Orlando Sentinel," "the Orlando Sentinel did not recede [or withdraw] from their earlier evaluation of [her] integrity and diligent performance in public office," and the statements made in her advertisement were correctly attributed and truthful. Judge Shepard cited to In re Kinsey, 842 So. 2d 77 (Fla. 2003), and further claimed that she could not be found guilty of violating Canons 1 and 2A because she "was not a judge as defined by the Canons of Judicial Conduct and the Florida Supreme Court at the time [the conduct set forth in the Amended Notice of Formal Charges occurred and] the quoted language was used." Judge Shepard also asserted that she could not be found guilty of violating Canons 7A(3)(b)-(d) because the Amended Notice of Formal Charges purportedly contained insufficient factual allegations to support the charges.

Judge Shepard raised a number of defenses within her answer, including that Canon 7A(3)(e)(ii) is unconstitutional on its face and as applied and violates the First Amendment to the United States Constitution. Judge Shepard further asserted that Rule 4-8.2(b) of the Rules Regulating The Florida Bar had "no applicability to the present inquiry."

On April 8, 2016, an evidentiary hearing was held before the Hearing Panel. The Hearing Panel issued its "Findings of Fact, Conclusions of Law and Recommendations of the Hearing Panel, Florida Judicial Qualifications Commission" (Findings) on June 9, 2016. In re Judge Kimberly Michele Shepard, No. 14-488 (Fla. Jud. Qual. Comm'n June 9, 2016).

## II. FINDINGS OF THE HEARING PANEL

According to the Hearing Panel, then-attorney Shepard "served as a legislator in the Florida House of Representatives" from 1992 to 1994. Id. at 5. In 1994, then-attorney Shepard "received the Orlando Sentinel's endorsement for her legislative reelection campaign." Id. The Orlando Sentinel's 1994 endorsement was titled "Shepard, with enthusiasm" and stated in relevant part:

> [M]s. Shepard has done well. She has kept her promises. She has worked hard. She has legislated effectively. She has maintained her integrity. She has served her constituents diligently.

Id. (alteration in original) (emphasis omitted). In 2014, prior to becoming a judge, then-attorney Shepard "launched a bid and qualified for judicial office." Id. Then-

- 5 -

attorney Shepard "signed a 'Statement of Candidate for Judicial Office' acknowledging that she had received, read and understood the requirements of Florida's Code of Judicial Conduct." Id. at 6. Then-attorney Shepard "ran for judicial office against Norberto Katz, a child support hearing officer" whom she "knew . . . had been previously disciplined for ethics violations." Id. Then-attorney Shepard "felt that if no one would challenge [Mr. Katz] and provide a significant challenge to him that he would arrive in office without the public having any real idea of what his disciplinary record is." Id. "During the campaign, both candidates appeared for an interview before the Orlando Sentinel's editorial board." Id. On July 26, 2014, the Orlando Sentinel endorsed Mr. Katz, stating in part that he "has worked diligently to rebuild his reputation" and "[w]e don't think his 90-day suspension [by The Florida Bar] in 1995 should carry with it a lifetime ban from the bench." Id. at 7-8. Thereafter, then-attorney Shepard distributed the judicial campaign advertisement at issue.[1] Id. at 8. The advertisement compared then-attorney Shepard to Mr. Katz in multiple categories and stated in relevant part:

> "Ms. Shepard has done well. She has kept her promises. She has worked hard. She has maintained her integrity." - The Orlando Sentinel

---

1. Judge Shepard testified that the advertisement was circulated after the Orlando Sentinel endorsed Mr. Katz.

Id.

The Hearing Panel heard testimony from Donald Lykkebak, Esquire, an individual lacking any "involvement with or stake in the Katz campaign." Id. at 9. Mr. Lykkebak received then-attorney Shepard's advertisement in the mail after the Orlando Sentinel endorsed Mr. Katz. Id. "Mr. Lykkebak read the Orlando Sentinel, knew that its 2014 endorsement had gone to Mr. Katz and believed that [then-attorney Shepard's advertisement] was 'untruthful,' 'deceptive,' and intended to deceive the public." Id. Mr. Lykkebak also believed that the advertisement "was 'purposefully edited' to remove the 1994 date, and any reference to [then-attorney] Shepard's legislative service." Id. The Hearing Panel also heard testimony from Judge Shepard and the three witnesses called in her defense. Id. at 9-14. Judge Shepard "disclaimed any intent to deceive or mislead." Id. at 11.

The Hearing Panel found that the advertisement:

purported to be a direct quotation taken from the Orlando Sentinel, but significantly (1) omitted the 1994 date of the newspaper's endorsement; (2) omitted the fact that this statement was twenty years old, and made in connection with a 1994 legislative race, not the current judicial race; and (3) was substantially edited to delete all reference to [then-attorney] Shepard's legislative service. Both the intervening sentence and end sentence of the paragraph of the [Orlando Sentinel's 1994] endorsement were removed without any indication.

Id. at 8-9 (emphasis omitted). The Hearing Panel further found that "[then-attorney] Shepard knowingly misrepresented facts surrounding [the Orlando Sentinel's 1994] endorsement" in the advertisement. Id. at 22. The Hearing Panel explained that "[b]y knowingly deleting the 1994 date of the Orlando Sentinel's endorsement, and all references to her legislative service, [then-attorney] Shepard made it appear that she had received the Orlando Sentinel's current endorsement, which was patently untrue." Id. at 19. The Hearing Panel also found that then-attorney Shepard "deliberate[ly]" deleted from the advertisement two sentences from the Orlando Sentinel's 1994 endorsement relating to her legislative service. Id. at 13. The Hearing Panel concluded:

> [Then-attorney Shepard's] selective editing of the [Orlando Sentinel's] 1994 endorsement, in context, was much more than a matter of inexact punctuation, or a mistake. . . . [Then-attorney] Shepard believed Mr. Katz to be unworthy of judicial office, and that any action she undertook to defeat him was justified. In doing so, she knowingly misled the public by campaign literature which implied that she was endorsed by the Orlando Sentinel, when this was untrue.

Id. at 15.

Ultimately, the Hearing Panel found Judge Shepard not guilty of violating Canons 1 and 2A of the Florida Code of Judicial Conduct under In re Kinsey. Id. The Hearing Panel also found Judge Shepard not guilty of violating Canons 7A(3)(c) and 7A(3)(d) because "[t]here was no allegation or proof that any employee or official of [then-attorney Shepard's] campaign or that any person

- 8 -

other than [then-attorney Shepard] engaged in conduct prohibited by the judicial canons." Id. at 20. However, the Hearing Panel found Judge Shepard guilty of violating Canon 7A(3)(e)(ii) "by knowingly misrepresenting 'other facts' concerning her candidacy" and Canon 7A(3)(b) "by acting in a manner inconsistent with integrity of the judiciary by these knowing misrepresentations." Id. at 20-21. The Hearing Panel further found Judge Shepard guilty of violating Rule 4-8.2(b) of the Rules Regulating The Florida Bar. Id. at 21. Accordingly, the Hearing Panel recommended: (1) a public reprimand; (2) a ninety-day suspension without pay; and (3) payment of investigative costs and the costs of these proceedings. Id. at 22-23.

After the Hearing Panel's Findings were filed, this Court issued an order to Judge Shepard to show cause why the recommended action should not be granted. Both Judge Shepard and the JQC responded in detail to the order to show cause.

### III. ANALYSIS

### A. First Amendment Claim

We first address Judge Shepard's claim that Canon 7A(3)(e)(ii) violates the First Amendment to the United States Constitution. The constitutionality of a Canon of Judicial Conduct is a pure question of law subject to de novo review. See, e.g., Zingale v. Powell, 885 So. 2d 277, 280 (Fla. 2004) ("[C]onstitutional interpretation, like statutory interpretation, is performed de novo.").

"Judges are not politicians, even when they come to the bench by way of the ballot. And a State's decision to elect its judiciary does not compel it to treat judicial candidates like campaigners for political office." Williams-Yulee v. Fla. Bar, 135 S. Ct. 1656, 1662 (2015). Therefore, "States may regulate judicial elections differently than they regulate political elections, because the role of judges differs from the role of politicians." Id. at 1667. The Supreme Court's "precedents applying the First Amendment to political elections have little bearing" in the context of judicial elections. Id.

Canon 7A(3)(e)(ii) provides: "A candidate for a judicial office . . . shall not . . . knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent." On its face, Canon 7A(3)(e)(ii) prohibits a judicial candidate from knowingly misrepresenting any fact concerning the candidate or an opponent. Canon 7A(3)(e)(ii) thus restricts a judicial candidate's speech. Therefore, in order to be constitutional and not in violation of the First Amendment, Canon 7A(3)(e)(ii) "must be narrowly tailored to serve a compelling state interest." Florida Bar v. Williams-Yulee, 138 So. 3d 379, 384 (Fla. 2014), aff'd sub nom. Williams-Yulee v. Fla. Bar, 135 S. Ct. 1656 (2015); see Republican Party of Minn. v. White, 536 U.S. 765, 774-75 (2002).

Canon 7A(3)(e)(ii) furthers Florida's compelling interest in preserving public confidence in the integrity of the judiciary. As this Court has explained,

- 10 -

"Florida has a compelling interest in protecting the integrity of the judiciary and maintaining the public's confidence in an impartial judiciary . . . ." Florida Bar v. Williams-Yulee, 138 So. 3d at 385; see, e.g., In re Kinsey, 842 So. 2d at 87; In re Code of Judicial Conduct (Canons 1, 2, & 7A(1)(b)), 603 So. 2d 494, 497 (Fla. 1992). "Canon 7A(3)(e)(ii) is intended to preserve the integrity of the judiciary and maintain the public's confidence in a fair, impartial, and independent judiciary." In re Dempsey, 29 So. 3d 1030, 1033 (Fla. 2010). "The concept of public confidence in judicial integrity does not easily reduce to precise definition, nor does it lend itself to proof by documentary record. But no one denies that it is genuine and compelling." Williams-Yulee v. Fla. Bar, 135 S. Ct. at 1667. A judicial candidate who knowingly misrepresents any fact concerning the candidate or an opponent necessarily intends to mislead the public concerning the judicial election, thus undermining the public's confidence in the integrity of the judiciary. See, e.g., In re Renke, 933 So. 2d 482, 495 (Fla. 2006). Such conduct "raises an appearance of impropriety and calls into question, in the public's mind, the judge's," Florida Bar v. Williams-Yulee, 138 So. 3d at 385, integrity. Florida thus has a compelling state interest "in safeguarding the public's confidence in the honesty of its judiciary." Winter v. Wolnitzek, 834 F.3d 681, 693 (6th Cir. 2016).

Canon 7A(3)(e)(ii) is narrowly tailored to serve Florida's compelling interest in preserving public confidence in the integrity of the judiciary. Canon

7A(3)(e)(ii) prohibits the narrowest form of judicial candidate speech necessary to safeguard the public's confidence in the honesty of its judiciary: a judicial candidate's knowing misrepresentation of any fact concerning the candidate or an opponent. See, e.g., In re Dempsey, 29 So. 3d at 1033; In re Renke, 933 So. 2d at 488; In re Kinsey, 842 So. 2d at 90. Canon 7A(3)(e)(ii) does not unconstitutionally "chill" a judicial candidate's speech because it does not punish negligent misrepresentations of fact concerning the candidate or an opponent. See Brown v. Hartlage, 456 U.S. 45, 61 (1982) ("The chilling effect of . . . absolute accountability for factual misstatements in the course of political debate is incompatible with the atmosphere of free discussion contemplated by the First Amendment in the context of political campaigns."). Canon 7A(3)(e)(ii)'s "other fact" clause only prohibits a judicial candidate from knowingly making a misrepresentation of fact concerning the candidate or an opponent. See, e.g., In re Dempsey, 29 So. 3d at 1033; In re Renke, 933 So. 2d at 488; In re Kinsey, 842 So. 2d at 90. Therefore, Canon 7A(3)(e)(ii) is narrowly tailored because it safeguards the public's confidence in the honesty of its judiciary while maintaining sufficient "breathing space" for judicial candidates to exercise their First Amendment rights. See Brown, 456 U.S. at 61.

Judge Shepard argues that Canon 7A(3)(e)(ii)'s "other fact" clause is overbroad and vague. We disagree. "When legislation is drafted so that it may be

applied to conduct that is protected by the First Amendment, it is said to be unconstitutionally overbroad." Wyche v. State, 619 So. 2d 231, 235 (Fla. 1993). "A statute or ordinance is void for vagueness when, because of its imprecision, it fails to give adequate notice of what conduct is prohibited." Id. at 236. Canon 7A(3)(e)(ii) is not overbroad: it prohibits a judicial candidate from knowingly making a misrepresentation of fact concerning the candidate or an opponent and, as explained previously, the First Amendment permits this particular regulation of speech because it withstands strict scrutiny. Canon 7A(3)(e)(ii) is not void for vagueness: it is sufficiently precise to inform a person of ordinary intelligence what judicial candidate statements are proscribed—knowing misrepresentations of fact concerning the candidate or an opponent. Accordingly, Canon 7A(3)(e)(ii) is facially constitutional.

Judge Shepard asserts that Canon 7A(3)(e)(ii) is unconstitutional as applied to her judicial campaign advertisement. Specifically, Judge Shepard claims that she cannot be punished for distributing four true statements regarding her reputation for character and integrity and correctly attributing those statements to the Orlando Sentinel. But the so-called "four true facts" were distorted and misrepresented because they were taken out of context. Judge Shepard violated Canon 7A(3)(e)(ii)'s "other fact" clause by "knowingly misrepresent[ing] facts" surrounding the Orlando Sentinel's 1994 endorsement in her judicial campaign

advertisement.  In re Judge Kimberly Michele Shepard, No. 14-488, at 22 (Fla. Jud. Qual. Comm'n June 9, 2016).  Then-attorney Shepard "knowingly," id. at 19, and "deliberate[ly]," id. at 13, deleted from the advertisement "the intervening sentence . . . of the paragraph of the [Orlando Sentinel's 1994] endorsement . . . without any indication," id. at 9.  That sentence stated: "She has legislated effectively."  Id. at 5 (emphasis omitted).  The advertisement thus falsely purported to quote language from the endorsement verbatim when, in fact, it "was substantially edited to delete all reference to [then-attorney] Shepard's legislative service."  Id. at 9.  The record on review further demonstrates that then-attorney Shepard knew how to use, and used, an ellipsis to indicate an omission within a quotation on the opposite side of the same advertisement.  Additionally, the 1994 date of the Orlando Sentinel endorsement and the end sentence of the paragraph of the endorsement relating to her legislative service were omitted from the advertisement.  As explained by the Hearing Panel, "The Judge's selective editing of the [Orlando Sentinel's] 1994 endorsement, in context, was much more than a matter of inexact punctuation, or a mistake. . . .  [Then-attorney] Shepard believed Mr. Katz to be unworthy of judicial office, and that any action she undertook to defeat him was justified."  Id. at 15.  The First Amendment does not protect such knowing misrepresentations of fact by candidates for judicial office.  Accordingly,

Canon 7A(3)(e)(ii) is constitutional as applied to then-attorney Shepard's advertisement.

## B. Due Process Claim

We next address Judge Shepard's claim that the JQC violated her right to due process. "Procedural due process requires that a judge be given notice of the proceedings, that the judge be given an opportunity to be heard, and that the proceedings against the judge be essentially fair." In re Graziano, 696 So. 2d 744, 750 (Fla. 1997). "Additionally, due process requires the JQC to be in substantial compliance with its procedural rules." Id.

First, Judge Shepard asserts that the Investigative Panel violated her right to due process by improperly alleging violations of four judicial canons—Canons 1, 2A, 7A(3)(c), and 7A(3)(d)—for which there purportedly could be no probable cause. This claim lacks merit because the Hearing Panel ultimately found Judge Shepard not guilty of violating Canons 1, 2A, 7A(3)(c), and 7A(3)(d). Regardless, the Investigative Panel did not violate Judge Shepard's right to due process by alleging violations of these four canons. The Amended Notice of Formal Charges informed Judge Shepard that the Investigative Panel was asserting violations of Canons 1, 2A, 7A(3)(c), and 7A(3)(d). The Amended Notice of Formal Charges also informed Judge Shepard of her right to file a written answer to these charges. Judge Shepard was, in fact, given an opportunity to be heard on these charges.

Judge Shepard filed written pleadings and motions, and appeared before the Investigative and Hearing Panels of the JQC to contest these charges. Judge Shepard received rulings on her pleadings and motions, either from the Chair of the Hearing Panel or the full Hearing Panel, in conformity with the JQC's procedural rules. See In re Graziano, 696 So. 2d at 750; Fla. Jud. Qual. Comm'n R. 7(b) ("The Chair of the Hearing Panel shall dispose of all pretrial motions. These motions may be heard by teleconference or be determined with or without hearings. The Chair's disposition of motions shall be subject to review by the full Hearing Panel."). Although Judge Shepard may disagree with the Investigative Panel's Amended Notice of Formal Charges, she has failed to demonstrate that the proceedings were unfair.

Second, Judge Shepard asserts that the Investigative Panel violated her right to due process by erroneously introducing JQC Exhibits 5, 7, and 8 at the final hearing contrary to two of her motions. This claim is not preserved for review because it differs from the one raised before the Hearing Panel. See Smith v. State, 931 So. 2d 790, 798 (Fla. 2006); Spann v. State, 857 So. 2d 845, 856 (Fla. 2003).

Third, Judge Shepard asserts that the Investigative Panel violated her right to due process by improperly introducing evidence at the final hearing—over her objections—purportedly excluded by sections 90.403 and 90.404, Florida Statutes. Judge Shepard has failed to explain why the evidence introduced by the

Investigative Panel must be excluded under those statutory provisions. Accordingly, this claim is inadequately briefed and is not preserved for review. See Duest v. Dugger, 555 So. 2d 849, 852 (Fla. 1990) ("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues . . . .").

Fourth, Judge Shepard asserts that the Hearing Panel violated her right to due process by denying her a meaningful opportunity to cross-examine Mr. Lykkebak regarding his understanding of the allegation with which Judge Shepard was charged. Judge Shepard has failed to explain how she was denied a meaningful opportunity to cross-examine Mr. Lykkebak. Accordingly, this claim is inadequately briefed and is not preserved for review. See id.

And fifth, Judge Shepard asserts that the Hearing Panel violated her right to due process by denying her the opportunity to discover certain documents related to the Investigative Panel's original complaint. However, the Hearing Panel did not violate Judge Shepard's right to due process by denying her discovery requests because the documents sought by Judge Shepard are confidential under the Florida Constitution and the Florida Judicial Qualification Rules. See art. V, § 12(a)(4), Fla. Const.; In re Graziano, 696 So. 2d at 751-52; Fla. Jud. Qual. Comm'n R. 12(c), 23(a). The Hearing Panel substantially complied with its procedural rules,

and nothing within this record suggests that the Investigative Panel withheld non-confidential documents from Judge Shepard. Accordingly, we deny Judge Shepard's final due process claim.

## C. Findings of the Hearing Panel

"This Court reviews the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence . . . ." In re Shea, 110 So. 3d 414, 418 (Fla. 2013) (quoting In re Woodard, 919 So. 2d 389, 390 (Fla. 2006)). "This quantum of proof is an intermediate standard, more than 'a preponderance of the evidence,' but less than 'beyond and to the exclusion of a reasonable doubt.' " In re Hawkins, 151 So. 3d 1200, 1212 (Fla. 2014) (quoting In re Holloway, 832 So. 2d 716, 726 (Fla. 2002)). "If the findings meet this intermediate standard, then they are of persuasive force and are given great weight." In re Turner, 76 So. 3d 898, 901 (Fla. 2011) (quoting In re Graziano, 696 So. 2d at 753). The Hearing Panel found that Judge Shepard violated Canons 7A(3)(e)(ii) and 7A(3)(b) of the Florida Code of Judicial Conduct and Rule 4-8.2(b) of the Rules Regulating The Florida Bar. We conclude that the Hearing Panel had before it clear and convincing evidence to support these findings.[2]

---

2. We discuss only those charges on which Judge Shepard was found guilty. The Hearing Panel found Judge Shepard not guilty of violating Canons 1, 2A, 7A(3)(c), and 7A(3)(d).

Judge Shepard argues that there is no clear and convincing evidence to support the Hearing Panel's finding that she violated Canon 7A(3)(e)(ii), which provides: "A candidate for a judicial office . . . shall not . . . knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent." Specifically, Judge Shepard asserts that the record does not establish clear and convincing evidence that she knowingly misrepresented that she had obtained the Orlando Sentinel's 2014 endorsement in her judicial campaign advertisement. However, Judge Shepard misapprehends the finding of the Hearing Panel. The Hearing Panel ultimately found that Judge Shepard violated Canon 7A(3)(e)(ii) by knowingly misrepresenting the Orlando Sentinel's 1994 endorsement in her advertisement and that this misrepresentation made it appear that she had received the Orlando Sentinel's 2014 endorsement.

We conclude that clear and convincing evidence supports the Hearing Panel's finding that Judge Shepard violated Canon 7A(3)(e)(ii). At the final hearing, the Hearing Panel received and accepted into evidence the judicial campaign advertisement at issue and the Orlando Sentinel's 1994 endorsement. Then-attorney Shepard's advertisement purports to quote language from the Orlando Sentinel's 1994 endorsement verbatim. It does not. The intervening sentence of the paragraph of the 1994 endorsement relating to her legislative service was deleted from the advertisement without any indication. Additionally,

the 1994 date of the <u>Orlando Sentinel</u> endorsement and the end sentence of the paragraph of the endorsement relating to her legislative service were omitted from the advertisement.

The Hearing Panel heard testimony from Mr. Lykkebak regarding the advertisement. Mr. Lykkebak received then-attorney Shepard's advertisement in the mail after the <u>Orlando Sentinel</u> endorsed Mr. Katz. Mr. Lykkebak read the <u>Orlando Sentinel</u>, knew that its 2014 endorsement had gone to Mr. Katz, and believed that then-attorney Shepard's advertisement was untruthful, deceptive, and intended to deceive the public. Mr. Lykkebak also believed that the advertisement was purposefully edited to remove the 1994 date and any reference to then-attorney Shepard's legislative service. The Hearing Panel also heard testimony from Judge Shepard and the three witnesses called in her defense.

Judge Shepard disclaimed any intent to deceive or mislead. However, after considering the evidence and the testimony of the witnesses, the Hearing Panel found that then-attorney Shepard knowingly misrepresented facts surrounding her 1994 endorsement in her advertisement. The Hearing Panel specifically found that then-attorney Shepard knowingly and deliberately deleted from the advertisement the intervening sentence of the paragraph of the 1994 endorsement relating to her legislative service without any indication and that she omitted from the advertisement the 1994 date of the <u>Orlando Sentinel</u> endorsement. Then-attorney

- 20 -

Shepard also omitted from the advertisement the end sentence of the paragraph of the 1994 endorsement relating to her legislative service. As explained by the Hearing Panel, then-attorney Shepard's selective editing of the 1994 endorsement, in context, was much more than a matter of inexact punctuation, or a mistake. The Hearing Panel concluded that then-attorney Shepard believed her opponent to be unworthy of judicial office and that any action she undertook to defeat him was justified. A review of the record thus demonstrates that clear and convincing evidence supports the Hearing Panel's finding that Judge Shepard violated Canon 7A(3)(e)(ii).

Judge Shepard argues that the Hearing Panel erroneously found that she violated Canon 7A(3)(b) and Rule 4-8.2(b). Judge Shepard's argument lacks merit. Canon 7A(3)(b) provides: "A candidate for a judicial office . . . shall . . . act in a manner consistent with the . . . integrity . . . of the judiciary." Rule 4-8.2(b) provides: "A lawyer who is a candidate for judicial office shall comply with the applicable provisions of Florida's Code of Judicial Conduct." Because Judge Shepard was found to have violated Canon 7A(3)(e)(ii), her conduct also falls within the purview of Canon 7A(3)(b) and Rule 4-8.2(b). Accordingly, clear and convincing evidence supports the Hearing Panel's finding that Judge Shepard violated Canon 7A(3)(b) and Rule 4-8.2(b).

## IV. DISCIPLINE

"According to article V, section 12(c)(1) of the Florida Constitution, this Court has discretion to either accept, reject, or modify the commission's findings and recommendation of discipline." In re Renke, 933 So. 2d at 493. "Although this Court gives the findings and recommendations of the JQC great weight, the ultimate power and responsibility in making a determination to discipline a judge rests with this Court." In re Flood, 150 So. 3d 1097, 1098 (Fla. 2014) (quoting In re Renke, 933 So. 2d at 493). "[T]he object of disciplinary proceedings is not for the purpose of inflicting punishment, but rather to gauge a judge's fitness to serve as an impartial judicial officer." In re Dempsey, 29 So. 3d at 1034 (alteration in original) (quoting In re McMillan, 797 So. 2d 560, 571 (Fla. 2001)). "It is clear that a member of the judiciary or judicial candidate should not mislead the public by placing factually incorrect statements in campaign materials." Id. at 1033. This Court has "repeatedly placed judicial candidates on notice that this type of misconduct will not be tolerated." Id.

As explained previously, the Hearing Panel recommended: (1) a public reprimand; (2) a ninety-day suspension without pay; and (3) payment of investigative costs and the costs of these proceedings. Judge Shepard argues that the Hearing Panel's recommendation of discipline is disproportionate, unjustifiably severe, and inconsistent with this Court's precedent. To the contrary, the recommended discipline is consistent with this Court's precedent.

Judge Shepard's conduct warrants more than a public reprimand. In <u>In re Dempsey</u>, this Court affirmed a public reprimand where the judge deliberately placed misleading information in her campaign materials for the purpose of bolstering her own experience and credibility to the voting public. <u>In re Dempsey</u>, 29 So. 3d at 1033-34. However, the judge in <u>In re Dempsey</u> admitted to the alleged wrongdoing, apologized for her improper conduct, accepted full responsibility, and accepted the public reprimand. <u>Id.</u> at 1032. Here, Judge Shepard engaged in far more egregious conduct than the judge in <u>In re Dempsey</u>. Then-attorney Shepard knowingly misrepresented the <u>Orlando Sentinel</u>'s 1994 endorsement in her advertisement, which made it appear that she had received the <u>Orlando Sentinel</u>'s 2014 endorsement. But, unlike the judge in <u>In re Dempsey</u>, Judge Shepard has not shown any remorse for her misconduct. <u>See</u> <u>Inquiry Concerning Davey</u>, 645 So. 2d 398, 405 (Fla. 1994) ("Where a judge admits wrongdoing and expresses remorse before the Commission, this candor reflects positively on his or her present fitness to hold office and can mitigate to some extent a finding of misconduct."). Moreover, Judge Shepard has not apologized or acknowledged her wrongdoing. <u>See</u> <u>In re Holloway</u>, 832 So. 2d at 724 (taking into consideration a judge's admission of guilt and apology).

However, Judge Shepard's conduct does not warrant the ultimate discipline of removal from office. In <u>In re Renke</u>, this Court ordered removal where the

judge made numerous flagrant misrepresentations in his campaign materials and committed multiple campaign finance violations. In re Renke, 933 So. 2d at 484. In one campaign brochure in particular, the judge intentionally misrepresented that he was endorsed by local firefighters. Id. at 487-88. Here, then-attorney Shepard committed similar misconduct by knowingly misrepresenting the Orlando Sentinel's 1994 endorsement in a single advertisement. But, unlike the judge in In re Renke, then-attorney Shepard did not make numerous misrepresentations in her campaign materials or engage in campaign finance violations. Judge Shepard's misconduct, although serious, is not sufficient to "demonstrat[e] a present unfitness to hold office." Art. V, § 12(c)(1), Fla. Const.

## V. CONCLUSION

Judge Kimberly Michele Shepard is hereby suspended without pay for ninety days from her duties as a judge of the Ninth Judicial Circuit. We order Judge Shepard to pay investigative costs and the costs of these proceedings, and we remand this case to the JQC for a determination of the amount of such costs. We also command Judge Shepard to appear before this Court for the administration of a public reprimand at a time to be set by the Clerk of this Court. The effective date of suspension shall be on a date within fifteen days of the issuance of this opinion as determined by the Chief Judge of the Ninth Judicial Circuit. Once the effective date is determined, the Court Administrator for the

- 24 -

Ninth Judicial Circuit shall submit a personnel action request (PAR) form to the

Personnel Office of the Office of the State Courts Administrator for processing.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Hon. Kerry I. Evander, Chair, Michael Louis Schneider, Executive Director and General Counsel, and Alexander J. Williams, Assistant General Counsel, Tallahassee, Florida; Scott N. Richardson, Special Counsel, West Palm Beach, Florida; Mayanne Downs of Gray Robinson, P.A., Hearing Panel Chair, Orlando, Florida; and Lauri Waldman Ross of Ross & Girten, Miami, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Timothy R. Hartung, Ashburn, Virginia,

for Judge Kimberly Michele Shepard, Respondent