PER CURIAM. This matter is before the Court to review the determination of the Florida Judicial Qualifications Commission (JQC) that Judge Philip James Yacucci, Jr., violated Canons 1, 2A, 3B(8), 3B(9), and 3(E)(1) of the Florida Code of Judicial Conduct. The JQC recommends: (1) a public reprimand; (2) a thirty-day suspension without pay; (3) completion of a judicial ethics course within one year; and (4) payment of the costs of the JQC proceedings. We have jurisdiction. See art. V, § 12, Fla. Const. For the reasons that follow, we approve the JQC’s findings and recommended discipline. BACKGROUND Judge Yacucci has served as a county court judge in the Nineteenth Judicial Circuit since 2002. On December 8, 2016, the JQC Investigative Panel filed a Notice of Formal Charges against Judge Yacucci for conduct in violation of Canons 1 (judge shall uphold the integrity and independence of the judiciary), 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary), 3B(8) (judge shall dispose of judicial matters promptly, efficiently and fairly), 3B(9) (judge shall refrain from commenting publicly or non-publiely in ways that could interfere with fair trials or hearings), and 3E(1) (judge shall disqualify himself or herself in proceedings where his or her impartiality might reasonably be questioned) of the Code of Judicial Conduct. In his answer, Judge Yacucci denied that his conduct was violative of the Code of Judicial Conduct. On May 1, 2017, the JQC Hearing Panel held an evidentiary hearing, and issued its “Findings of Fact, Conclusions of Law and Recommendations of the Hearing Panel, Florida Judicial Qualifications Commission” (Findings) on June 29, 2017. In re Judge Philip James Yacucci, Jr., No. 16-496 (Fla. Jud. Qual. Comm’n June 29, 2017). FINDINGS OF THE HEARING PANEL Judge Yacucci’s violations occurred during the course of an adversarial and contentious professional relationship between Judge Yacucci and attorney Stephen Smith. Id. at 1. Judge Yacucci has served as a county court judge in St. Lucie County since 2002. Id. at 3. Smith, who joined his current employer “The Ticket Clinic” in 2009, handled all of the Ticket Clinic’s cases in St. Lucie County. Id. at 4. Judge Yacucci held Smith in contempt in 2009 for accidentally showing up late to a hearing, and again in 2014 where he jailed Smith for five days for “hotly disputed” reasons. Id. During the 2014 contempt finding, Judge Yacucci announced in the courtroom that he had “lost confidence” in Smith, and. subsequently filed a Florida Bar complaint which was later resolved with ho imposition of discipline. Id. at 4-5. Thereafter, in 2014, Smith ran against Judge Yacucci for a county court seat in a highly combative election. Id. at 5. Judge Yacucci sued Smith and an electioneering communication organization (“ECO”) for defamation, invasion of privacy, and intentional infliction of emotional distress. Id. Judge Yacucci obtained a temporary injunction against the ECO, but the Fourth District Court of Appeal in Concerned Citizens for Judicial Fairness, Inc. v. Yacucci, 162 So.3d 68, 72-73 (Fla. 4th DCA 2014), overturned it for lacking supporting evidence and for triggering First Amendment concerns. Id. at 5-6. Before election day, a public altercation between Smith and Judge Yacucci occurred at a polling place. Id. at 6. Judge Yacucci asserted that Smith made a sexual innuendo about Judge Yacueci’s wife, and that he responded with heated and profane words. Id. Smith asserted that the judge verbally attacked and physically assaulted him, and so he subsequently sued Judge Yacucci for assault, battery, and defamation. Id. During a televised interview in his courtroom immediately following the incident, Judge Yacucci remarked that Smith “should not be a lawyer,” “should not be in a courtroom,” and that he is “truly a disgrace as a judicial candidate and really as a human being.” Id. In December 2014, Judge Yacucci won the election, but later appeared before the JQC to discuss his behavior during the election. Id. Judge Yacucci informed the Investigative Panel that he would recuse himself on Smith’s cases, which he did for the following two-and-a-half years. Id. at 7. However, in September 2016, Judge Yacucci refused to recuse himself in State v. Harracksingh, 2015-CT-2111, resolving that he had recused himself on Smith’s case's for long enough and that Smith “was simply a conduit., of the Ticket Clinic,” which Judge Yacucci surmised had funded the ECO in the election campaign against him and was attempting to forum shop by funding judicial-campaigns. Id. at 7-8. On October 5, 2016, Smith petitioned for a writ of prohibition disqualifying Judge Yacucci from presiding over the Harracksingh case; Id. at 8. Thereafter, Judge Yacucci on his own initiative filed a response to Smith’s petition, detailing the history of disputes between Judge Yacucci and Smith. Id. Judge Yacucci later denied additional motions to disqualify filed by Smith, despite their legal sufficiency, because he wanted an appellate ruling and was “not going to recuse anymore” until he secured it. Id. at 9. Multiple parties subsequently joined the petition for writ of prohibition. Id. Judge Yacucci later sought guidance from the JQC but did not recuse himself despite advice that recusal was a safer course. Id. Instead, he filed a.seeond unsolicited pleading in response to Smith’s petition for writ of prohibition, reiterating points about Smith’s contempt conviction, Bar complaint, and funding of judicial campaigns by the Ticket Clinic, as well as accusing appellate counsel of intentionally misleading the court. Id. at 9-12. On November 16, 2016, the circuit court granted the writ of prohibition, disqualifying Judge Yacucci from hearing several cases. Id. at 12. • At the May 1, 2017, evidentiary hearing, the Hearing Panel-heard testimony from Judge Yacucci who maintained that he did not act inappropriately during the polling place altercation and in responding, to Smith’s petition. Id. at 13. He further testified that his televised statements about Smith were truthful, and acknowledged he still.held the same feelings about Smith. Id. at 13-14. Judge Yacucci defended his actions as necessary to counter the Ticket Clinic’s schemes, and “at no point” considered recusal from the viewpoint-of Smith’s clients. Id. at 15-17. Ultimately, the Hearing Panel found Judge Yacucci guilty of violating Canons 1, 2A, 3B(8), 3B(9), and 3E(1) of the Florida Code of Judicial Conduct. Id. at 19. The Hearing Panel recognized that “[i]t is hard to conceive a situation more likely to create a reasonable fear of partiality and bias on the part of a litigant than the longstanding, personal and professional disputes between these, parties.” Id. at 20. Accordingly, the Hearing Panel recommended: (1) a public reprimand; (2) a thirty-day suspension without pay; (3) completion of a judicial ethics course within one year; and (4) payment of the costs of the JQC proceedings. Id. at 23-25. After the JQC filed the Hearing Panel’s Findings, this Court ordered Judge Yacucci to show cause why the recommended action. should not be granted. In his response,- Judge Yacucci conceded the findings and most recommendations, disputing only.the recommendation of a thirty-day suspension. - ANALYSIS “According to article V, section 12(c)(1) of the Florida Constitution, this Court has discretion to either accept, reject, or modify the [JQC’s] findings and recommendation of -discipline.” In re Renke, 933 So.2d 482, 493 (Fla. 2006). “This Court reviews the. findings of the JQC to determine-whether the alleged violations are supported by clear and convincing evidence ....”, In re Woodard, 919 So.2d 389, 390 (Fla. 2006). “In cases where a-judge admits to wrongdoing and the JQC’s findings are undisputed this Court will ordinarily conclude that, the JQC’s findings are supported by clear and convincing evidence.” In re Diaz, 908 So.2d 334, 337 (Fla. 2005). Judge Yacucci did not contest that his conduct violated Canons 1, 2A, 3B(8), 8B(9), and 3E(1) of the Florida Code of Judicial Conduct, and the JQC’s findings are’undisputed. We therefore conclude that the JQC findings are supported by clear and convincing evidence. Although this Court “gives the findings and recommendations of-the JQC great weight, ‘the ultimate power and responsibility in making a determination [to discipline a judge] rests with this Court.’ ” In re Kinsey, 842 So.2d 77, 85 (Fla. 2003) (footnote omitted) (quoting In re Davey, 645 So.2d 398, 404 (Fla. 1994)). This Court “reviews the recommended discipline to determine whether it should be approved.” In re Flood, 150 So.3d 1097, 1098 (Fla. 2014) (quoting In re Woodard, 919 So.2d at 390). As previously explained, the JQC recommended: (1) a public reprimand; (2) a thirty-day suspension without pay; (3) completion of a judicial ethics course within one year; and (4) payment of the cost of the proceedings. Because Judge' Yacucci does not contest any aspect of the recommendation other than the thirty-day suspension, we limit our discussion to the suspensión. Judge Yacucci argues that a thirty-day suspension without pay is excessive and inconsistent with this Court’s precedent. To the contrary, because Judge Yacucci repeatedly violated his duty to be impartial and to disqualify himself from Smith’s cases, and because, this. Court’s precedent supports the imposition of this additional sanction, we conclude that suspension is an appropriate-sanction. Judge Yacucci’s conduct warrants a sanction harsher than a mere public reprimand, as his longstanding combative relationship with Smith created legitimate fears of partiality and bias on the part of several litigants before his court. The acrimonious relationship between Judge Ya-cucei and Smith, marked by lawsuits, a public altercation and televised disparagement, the jailing of Smith for contempt, judicial campaign disputes, unsolicited attempts to influence a petition for writ of prohibition, and multiple refusals to disqualify himself, clearly displayed Judge Yacucci’s disregard for proper judicial conduct. Further, the responses filed by Judge Yacucci disputed the charges against him and attempted to taint the court’s view of Smith, The judge’s pattern of behavior towards Smith arid his refusal to disqualify himself on several cases despite the legal sufficiency of Smith’s motions constitute clear and egregious violations of the Canons of the Code of Judicial Conduct. In cases involving misconduct of a similarly serious nature, where judges have diminished the public’s confidence in the integrity of the judiciary and in judicial impartiality, this Court has previously imposed sanctions such as suspension without pay in addition to a public reprimand. See In re Holloway, 832 So.2d 716, 729 (Fla. 2002) (ordering thirty-day suspension without pay where a judge repeatedly confronted other judges and aided parties in an ex parte manner); In re Albritton, 940 So.2d 1083, 1089 (Fla. 2006) (ordering thirty-day suspension without .pay where a judge violated five canons via a pattern of misconduct involving improper courtroom decorum and intemperate behavior); In re Shepard, 217 So.3d 71, 83-84 (Fla.) petition for cert. filed, No. 17-493 (U.S. Sept. 29, 2017) (ordering ninety-day suspension without pay where a judge circulated a deceptive and misleading advertisement in her. judicial campaign). In In re Contini, 205 So.3d 1281, 1284-86 (Fla. 2016), this Court affirmed a public reprimand, but not suspension, where the judge engaged in ex parte 'communications with counsel and berated counsel in open court. However, the judge in In re Contini admitted, to the wrongdoing, accepted complete responsibility for hjs actions, and apologized with sincere remorse. Id. Here, unlike the judge in In re Contini, Judge Yacucci has not exhibited regret or remorse for his conduct. See In re Davey, 645 So.2d at 405 (“Where a judge admits wrongdoing and expresses remorse before the Commission, this candor reflects positively on his or her present fitness to hold office and can mitigate to some extent a finding of misconduct.”). Judge Yacucci did not apologize nor cooperate with the JQC, but instead attempted to justify his actions during the JQC hearings as well as in his briefs to this Court. CONCLUSION Judge Philip James Yacucci, Jr., is hereby suspended without pay for thirty days from his duties as a county court judge of the Nineteenth Judicial Circuit. We order Judge Yacucci to pay the costs of these proceedings, and we remand this case to the JQC for a determination of the amount of such costs. We order Judge Yacucci to attend a judicial ethics course to be completed within one year. We also command Judge Yacucci to appear before this Court for the administration of a public reprimand at a time to be set by the. Clerk of this Court. The effective date of the suspension shall be within fifteen days from the date of this opinion at the direction of the Chief Judge of the Nineteenth Judicial Circuit. Once the effective date is determined, the Court Administrator for the Nineteenth Judicial Circuit shall submit a personnel action request (PAR) form to the Personnel Office of the Office of State Courts Administrators for processing. Absent an order from this Court, a motion for rehearing of this decision will not toll the effective date of the suspension. It is so ordered. LABARGA, C.J., and CANADY, POLSTON, and LAWSON, JJ., concur. LEWIS,. J., concurs in result. PARIENTE, J., concurs in part and dissents in part with an opinion, in which QUINCE, J., concurs.