PER CURIAM.
We review the recommendation of the Judicial Qualifications Commission that Judge Robert C. Abel, Jr., be disciplined for violations of the Code of Judicial Conduct. We have jurisdiction. Art. V, § 12, Fla. Const.
The Florida Judicial Qualifications Commission and Judge Abel have entered into the following stipulation regarding the incident in question here:
1. Emerson Allsworth pled guilty to certain crimes in the United States District Court for the Southern District of Florida before Judge Federico Moreno on or about June 29, 1992, at which time the sentencing hearing in respect of Emerson Allsworth was scheduled for September 8, 1992.
2. On July 31, 1992, Respondent Judge Robert C. Abel, Jr.[,] did author and mail a letter on his official Circuit Court stationery to Judge Federico Moreno as a character witness and reference on behalf of Emerson Allsworth.
3. Canon 2 of the Code of Judicial Conduct provides, in pertinent part, that:
(A judge) should not lend the prestige of his office to advance the private interest of others; ... He should not testify voluntarily as a character witness.
4. Canon 1 of the Code of Judicial Conduct provides, in pertinent part, that:
A judge should participate in establishing, maintaining and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved.
5. The Commission filed its Notice of Formal Charges against Respondent Judge Robert C. Abel, Jr.[,] on August 26, 1993.
6. The letter on official court stationery authored and mailed by the Respondent to United States District Judge Federico Moreno referenced hereinabove did violate the above provisions of Canons 1 and 2 of the Code of Judicial Conduct.
7. The Respondent does not contest the recommendation of the Commission set forth below, charging him with violation of Canon 1 and Canon 2 of the Code of Judicial Conduct and does not contest that he violated those provisions of the Code.
*601 8. The Commission and Respondent waive oral argument and any further response in this inquiry.

Recommendation

After full and deliberate consideration of the charges set forth in the Notice, the Commission, by an affirmative vote of at least nine (9) members, finds that the conduct of Judge Robert C. Abel, Jr.[,] violated the provisions of Canons 1 and 2 of the Code of Judicial Conduct and recommends that Judge Robert C. Abel, Jr.[,] be publicly reprimanded for his above described conduct and his violation of Canon 1 and Canon 2 of the Code of Judicial Conduct.
There is conflict in certain opinions of the Committee on Standards of Conduct for Judges on the question of when and under what circumstances a judge may be a character witness by testimony or letter for an individual. In order to resolve the conflict, the Commission further finds that it is a violation of Canon 2 of the Code of Judicial Conduct for a judge to write a character witness letter for any individual on official court stationery or to testify as a character witness in any proceeding except in response to an official witness subpoena.
The stipulation was signed by the Commission’s Chair and its counsel on January 24, 1994, and forwarded to this Court. Accordingly, we adopt the stipulation in full as the opinion of this Court as to this case. Judge Robert C. Abel, Jr., is hereby publicly reprimanded by publication of this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.