PER CURIAM.
This proceeding is before us pursuant to a stipulation between the Florida Judicial Qualifications Commission and the Honorable Leonard L. Stafford, a Circuit Judge of the Seventeenth Judicial Circuit, Broward County, Florida, recommending that Judge Stafford be publicly reprimanded for violation of Canons 1 and 2 of the Code of Judicial Conduct. We have jurisdiction. Art. V, § 12, Fla'. Const. We approve the stipulation.
The stipulation reads as follows:
The Florida Judicial Qualifications Commission (“the Commission”) and the Honorable Leonard L. Stafford (“the Respondent”) hereby stipulate for the purpose of this inquiry as follows:
1.Emerson Allsworth pled guilty to certain crimes in the United States District Court for the Southern District of Florida before Judge Federico Moreno on or about June 29, 1992, at which time the sentencing hearing in respect to Emerson Allsworth was scheduled for September 8, 1992.
2. On August 14, 1992, Respondent did author and mail a letter on his official Circuit Court stationery to Patricia Borah as a character witness and reference on behalf of Emerson Allsworth.
3. Canon 2 of the Code of Judicial Conduct provides, in pertinent part, that:
(A judge) should not lend the prestige of his office to advance the private interests of others; ... He should not testify voluntarily as a character witness.
4. Canon 1 of the [C]ode of Judicial Conduct provides, in pertinent part, that:
A judge should participate in establishing, maintaining and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved.
5. The Commission filed its Notice of Formal charges against Respondent on July 5, 1994.
6. The letter on official court stationery authored and mailed by the Respondent to Patricia Borah, United States Probation Officer, referenced hereinabove did violate the above provisions of Canons 1 and 2 of the Code of Judicial [Cjonduct.
7. The Respondent does not contest the recommendation of the Commission set forth below, charging him with violation of Canon 1 and Canon 2 of the Code of Judicial [Cjonduct and does not contest that he violated those provisions of the Code.
8. The Commission and Respondent waive oral argument and any further responses in this inquiry.

Recommendation

9. After full and deliberate consideration of the charges set forth in the Notice, the Commission, by an affirmative vote of at least nine (9) members, finds that the conduct of Judge Leonard L. Stafford violated the provisions of Canons 1 and 2 of the Code of Judicial Conduct and recommends that Judge Leonard L. Stafford be publicly reprimanded for his above-described conduct and his violation of Canon *1069 1 and Canon 2 of the Code of Judicial Conduct.
10. There is conflict in certain opinions of the Committee on Standards of Conduct for Judges on the questions of when and under what circumstances a judge may be a character witness by testimony or letter for an individual. In order to resolve the conflict, the Commission farther finds that it is a violation of Canon 2 of the Code of Judicial Conduct for a judge to write a character witness letter for any individual on official court stationery or to testify as a character witness in any proceeding except in response to an official witness subpoena.[1]
Accordingly, based on the foregoing, we hereby reprimand Judge Leonard L. Stafford for improper conduct by a judicial officer.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.

1. This Court notes that we approve the public reprimand on the grounds that Judge Stafford improperly lent the prestige of his office by his voluntary submission of a character reference letter on behalf of an individual who was being sentenced in federal court. Stafford’s conduct was a clear violation of Canons 1 and 2 of the Code of Judicial Conduct. We note that, in the new Code of Conduct recently approved by this Court, we have more fully explained in the commentary to Canon 2 the permitted and prohibited conduct of a judge in writing letters of reference or making character reference statements or communications. The circumstances of this instance are prohibited by both the old and new codes.