PER CURIAM.
We review the recommendation of the Judicial Qualifications Commission that Judge C. Lavon Ward be publicly reprimanded for voluntarily writing a character reference letter on his official court stationery on behalf of a friend who was awaiting sentencing in federal court. We have jurisdiction. Art. V, § 12, Fla. Const.
On August 26, 1993, the Judicial Qualifications Commission filed a formal complaint charging Judge C. Lavon Ward, a Circuit Judge of the Seventeenth Judicial Circuit, with voluntarily wilting a character reference letter for Emerson Allsworth on his official court stationery, in violation of Code of Judicial Conduct, Canon 1 (a judge should uphold the integrity and independence of the judiciary by observing high standards of conduct) and Canon 2(B) (a judge should not lend the prestige of his office to advance the private interests of others and should not testify voluntarily as a character witness). After a hearing, the Commission made the following findings of fact and recommendations.
Emerson Allsworth pled guilty to various crimes in the United States District Court. Judge Ward, who has served as a circuit judge since 1990, was one of several judges requested to write a character reference letter for Allsworth to be considered at his sentencing. Judge Ward wrote and sent the letter, which he signed “C. Lavon Ward, Circuit Judge,” on his official stationery to the federal judge sentencing Allsworth.
Judge Ward admitted writing the letter but denied he voluntarily testified as a character witness and denied any violations of the Canons of Judicial Conduct. He maintained that he wrote the letter only after a representation to him by Allsworth’s attorney and former law partner, Charles Curtis, that the probation officer assigned to Allsworth’s case had requested the letter. Allsworth also maintained that he relied on Opinion 75-22 of the Committee on Standards of Conduct for Judges, which provides that “the furnishing of information pursuant to a request by a Florida Parole and Probation Officer, under the auspices of a judicial officer, is permissible, and not considered as testifying voluntarily as a character witness within the meaning of Canon 2B.”
The Commission found Judge Ward had no reasonable basis to rely on Advisory Opinion 75-22 because that opinion applies to the *551 furnishing of information in response to official inquiry and is not applicable to voluntary character reference letters, as evidenced by the reference to Advisory Opinion 75-6, which provides various examples of character reference letters that violate the spirit and intent of Canon 2(B). The Commission found that the facts of this case are substantially different from those addressed in Advisory Opinion 75-22 in most, if not all, material respects. It also found clear and convincing evidence that Judge Ward did not receive a request from Allsworth’s probation officer to write the letter to the sentencing judge. Judge Ward acknowledged that he had no personal communication with the officer. The Commission further found that Alls-worth told his attorney, Curtis, that the probation officer was requesting a letter and Curtis then told Judge Ward that the officer was requesting the letter. Allsworth admitted that his probation officer did not request letters from judges; rather, the officer acquiesced in his suggestion that the presen-tence report contain such letters. The Commission found that the information Judge Ward received from Curtis was not a request by a parole and probation officer for a character reference letter and was not an “official inquiry,” under Advisory Opinion 82-15.
The Commission further found that it is immaterial whether the probation officer requested the letter from Judge Ward because the letter was not merely “information” within the meaning of Advisory Opinion 75-22; rather, the letter, which extols Allsworth’s virtues and recommends a sentence of probation, was a character reference within the meaning of Canon 2(B). The Commission found that by writing the character reference letter on his official court stationery and signing the letter as Circuit Judge, Ward further violated Canon 2(B) by lending the prestige of his office to advance the private interests of another. The Commission rejects Judge Ward’s various other affirmative defenses and recommends that he be publicly reprimanded.
 Our review of the record reveals that the Commission’s findings of fact are supported by clear and convincing evidence. In re LaMotte, 341 So.2d 513, 516 (Fla.1977). We agree with the Commission that the letter written by Judge Ward on behalf of Emerson Allsworth was a prohibited character reference letter under Canon 2(B). See In re Fogan, 646 So.2d 191 (Fla.1994) (judge found guilty of violating Canon 2(B) for writing similar character reference letter for Allsworth). We also agree with the Commission’s conclusion that even if the letter were considered “information,” it was not written in response to an official request by Alls-worth’s probation officer.
It is undisputed that the probation officer did not request the letter from Judge Ward; she merely acquiesced in Allsworth’s suggestion that letters from judges be placed in his presentence report. Allsworth then told his attorney that the probation officer had requested a letter from Judge Ward and the attorney informed the judge of the “request.”
We can understand why, based on the attorney’s representation, Judge Ward assumed that Allsworth’s probation officer had in fact requested the letter. However, the attorney’s representation cannot be considered an “official inquiry” under Advisory Opinions 75-22 and 82-15 or a “formal request for information” under the commentary to Canon 2(B) of the recently revised Code of Judicial Conduct. In re Code of Judicial Conduct, 643 So.2d 1037, 1044 (Fla.1994).
We also recognize the confusion that existed in this area prior to the 1994 revision of the Code of Judicial Conduct. However, under the plain language of the Code of Judicial Conduct and the various advisory opinions on the issue, Judge Ward, like Judge Fogan, should have known that it was improper to write a character reference to the judge presiding over Allsworth’s sentencing. See In re Fogan. Finally, while the writing of the character reference letter in this case is a minor act of judicial misconduct, we agree with the Commission that a public reprimand is the appropriate sanction.[1] See In re Fogan (judge received public reprimand for writing character reference letter for Allsworth); see also In re Stafford, *552 643 So.2d 1067 (Fla.1994) (same); In re Abel, 632 So.2d 600 (Fla.1994) (same).
Accordingly, we adopt the Commission’s findings of fact and recommendations as to violations to be found and sanction to be imposed. Judge C. Lavon Ward is hereby publicly reprimanded by publication of this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. We find no merit to the other issues raised by Judge Ward.