# Supreme Court of Florida

_____

No. SC14-1364

_____

**INQUIRY CONCERNING A JUDGE, NO. 13-344
RE: SUSAN B. FLOOD**.

[November 6, 2014]

PER CURIAM.

In this case, we review the findings and recommendation of discipline of the Florida Judicial Qualifications Commission (JQC), recommending that Judge Susan B. Flood, Polk County Judge, receive the sanction of a public reprimand for violating Canons 1 and 2A of the Florida Code of Judicial Conduct. We have jurisdiction. See art. V, § 12, Fla. Const. For the reasons that follow, we approve the JQC's findings and recommendation of discipline.

## I. BACKGROUND

This action stems from charges filed against Judge Flood arising out of an inappropriate relationship with her bailiff, over whom she exercised supervisory authority. The JQC's Notice of Formal Charges filed against Judge Flood recognized that a judge exercises "supervisory control" over her bailiff and alleged

that Judge Flood had a "friendship" with her bailiff that became so close that it created an "appearance of impropriety."

Ultimately, after Judge Flood testified before the Investigative Panel of the JQC, Judge Flood and the JQC entered into a stipulation, in which Judge Flood admitted to "violations of the Judicial Canons" based on "a relationship between the Judge and an individual over whom she had supervisory control." As is outlined in the JQC's Notice of Formal Charges and accepted in the stipulation by Judge Flood, she "entered into an inappropriate relationship with her bailiff," which was described as a "friendship" that "went beyond the fraternization that normally occurs in a professional workplace context."

The stipulation recites that, during the time Judge Flood maintained her relationship with her bailiff, "some judicial colleagues approached her with concerns over the level of friendship with someone over whom she exercised supervisory authority." In the stipulation, Judge Flood accepts "full responsibility" for her wrongdoing and acknowledges that such conduct should not have occurred. The stipulation states that Judge Flood "regrets and apologizes for her actions" and "has taken steps to ensure that there is no reoccurrence." The stipulation also notes Judge Flood's unblemished record as a county judge and her regular service as an acting circuit judge and concludes that the misconduct was an isolated incident and does not demonstrate an unfitness for office.

The stipulation incorporates the JQC's findings and recommendation of discipline, in which the JQC concluded that Judge Flood violated Canons 1 and 2A of the Code of Judicial Conduct. Considering Judge Flood's responsiveness, candor, and cooperation with its inquiries, the JQC recommended a public reprimand as the appropriate sanction for these violations.

## II. ANALYSIS

Article V, section 12, of the Florida Constitution, provides that in cases of judicial misconduct, this Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the [JQC] and it may order that the . . . judge be subjected to appropriate discipline." Art. V, § 12(c)(1), Fla. Const. "This Court reviews the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence, and reviews the recommended discipline to determine whether it should be approved." In re Woodard, 919 So. 2d 389, 390 (Fla. 2006). "Although this Court gives the findings and recommendations of the JQC great weight, the ultimate power and responsibility in making a determination to discipline a judge rests with this Court." In re Renke, 933 So. 2d 482, 493 (Fla. 2006) (citing In re Angel, 867 So. 2d 379, 382 (Fla. 2004)).

In its findings and recommendation of discipline, the JQC found that Judge Flood's conduct violated Canons 1 and 2A, which require a judge to act at all times

in a manner that upholds the integrity of the judiciary and to avoid the appearance of impropriety. Canon 1 states: "A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved." Canon 2A states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

We have held that "where a judge admits to wrongdoing and the JQC's findings are undisputed, this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." In re Diaz, 908 So. 2d 334, 337 (Fla. 2005). In this case, Judge Flood admitted to the alleged wrongdoing, and upon review, we determine that the JQC's findings are supported by clear and convincing evidence. Because we conclude that the findings of the JQC are supported by clear and convincing evidence, we give the findings "persuasive force and great weight" in our consideration of the JQC's recommended discipline. In re Maloney, 916 So. 2d 786, 788 (Fla. 2005).

The JQC concluded that Judge Flood's conduct was an isolated incident and does not demonstrate an unfitness for office. Judge Flood recognized the inappropriateness of her behavior, accepted full responsibility, and apologized for her actions. Judge Flood further recognized that "her actions have the effect of

- 4 -

lessening the public's confidence in the judiciary." In addition, not only has Judge Flood accepted "full responsibility for her actions that put her in violation of Canons 1 and 2A of the Code of Judicial Conduct," but she "has taken steps to ensure that there is no reoccurrence of situations similar" to what occurred in this case.

We agree that Judge Flood's conduct in having an "inappropriate relationship" with her bailiff, over whom she exercised supervisory authority, was clearly unacceptable. While we have not been provided with the details of this "inappropriate relationship," we accept the characterization by the JQC and Judge Flood's own stipulation that this relationship went beyond the "fraternization that normally occurs in a professional workplace." We agree that such improper conduct in the workplace is of greater concern when engaged in by judges, who are held to the high standards of the Code of Judicial Conduct.

We recognize, however, that in this case the misconduct was an isolated incident in an otherwise exemplary career as a judge. Judge Flood has admitted her wrongdoing, in particular that "her actions have the effect of lessening the public's confidence in the judiciary," and she has vowed that such misconduct will not be repeated. For all these reasons, we accept the JQC's recommendation of a public reprimand. Existing precedent suggests that a public reprimand is appropriate under these circumstances. See, e.g., In re Adams, 932 So. 2d 1025,

1027-28 (Fla. 2006) (approving public reprimand for a judge who admitted to having an inappropriate relationship with an attorney who was practicing before him; agreed that such conduct violated Canons 1, 2, and 3; expressed remorse; and apologized).

In this instance, we agree with the JQC's recommendation that, "in the interests of justice, the public welfare and sound judicial administration will be well served" by a public reprimand of Judge Flood. Judge Flood does not contest this recommendation of discipline.

### III. CONCLUSION

For all these reasons, we conclude that there is clear and convincing evidence in support of the JQC's findings of fact as to both violations of the Code of Judicial Conduct, and we approve the stipulation entered into by Judge Flood and the JQC. Accordingly, we hereby command Judge Susan B. Flood to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Ricardo Morales, III, Chair, and Michael Louis Schneider, General Counsel, Tallahassee, Florida,

for Judicial Qualifications Commission, Petitioner

John Wesley Frost, II of Frost Van den Boom, P.A., Bartow, Florida,

for Judge Susan B. Flood, Respondent