# Supreme Court of Florida

_____

No. SC15-312

_____

**INQUIRY CONCERNING A JUDGE, NOS. 14-299, 14-415
RE: JACQUELINE SCHWARTZ.**

[September 10, 2015]

PER CURIAM.

In this case, we review the revised consent judgment entered into by the Florida Judicial Qualifications Commission (JQC) and Eleventh Judicial Circuit Judge Jacqueline Schwartz. The revised consent judgment imposes the following sanctions upon Judge Schwartz: a public reprimand before this Court, a thirty-day suspension without pay, a requirement that she write a letter of apology, and a $10,000 fine. We have jurisdiction. See art. V, § 12, Fla. Const. For the reasons that follow, we approve the revised consent judgment.

## I. BACKGROUND

On February 19, 2015, the JQC filed in this Court a Notice of Formal Charges charging Judge Schwartz with violations of Canons 1, 2A, 3B(8), 4A(2),

4A(3), and 7A(3)(b) of the Code of Judicial Conduct. The underlying circumstances of these violations are as follows.

The first incident occurred on or about June 2, 2014. Upon seeing an opponent's campaign sign in a convenience store, Judge Schwartz asked to speak with the store's owner. She was told that the owner, Mr. Firas Hussain, was not there but that he might be back later that day or the next day.

That night, Judge Schwartz returned to the convenience store to speak with Mr. Hussain and to request that he display her campaign sign. When Mr. Hussain refused to display Judge Schwartz's campaign sign, she lost her temper. Before leaving the store, Judge Schwartz used profanity and threatened to sue Mr. Hussain.

In the second incident, while presiding over a case, Judge Schwartz wrote notes on pages of scrap paper and on original documents contained in the case's court file. One of the parties reviewed the court file and photocopied the judge's notes. Later, that party requested a certified copy of the pages that contained the notes. Upon receiving the party's request, Judge Schwartz instructed her bailiff to remove those pages from the court file. After reviewing the uncertified copies of Judge Schwartz's notes, the party filed a motion to disqualify her from the case. Judge Schwartz denied the motion. Judge Schwartz testified that she instructed her

bailiff to remove the pages containing her notes from the court file and place them in an envelope. The missing pages were never found.

Judge Schwartz entered into a Stipulation with the JQC, filed in this Court on February 19, 2015. Judge Schwartz admitted her misconduct and stipulated to the following sanctions: a public reprimand before this Court and a letter of apology to Mr. Hussain. The JQC advised the Court through the Stipulation that the "interest of justice and sound judicial administration is best served by entering into the Stipulation."

However, upon review of the charges and the terms of the Stipulation, this Court concluded that the terms of the Stipulation were inadequate to address the serious violations committed by Judge Schwartz. Consequently, on April 29, 2015, this Court issued an order that rejected the parties' Stipulation. The order stated as follows:

> Upon consideration of the Judicial Qualifications Commission's Findings and Recommendation of Discipline and the parties' Stipulation, the Court rejects the Stipulation and disapproves the proposed sanctions. In addition to the public reprimand and letter of apology agreed to in the Stipulation, the Court would impose a thirty-day suspension without pay and a $10,000 fine. Should the parties agree to these terms, a revised consent judgment shall be filed with the Court within thirty days of the date of this order.
>
> If the parties do not agree to these terms, the parties must inform the Court within thirty days that they have not reached an agreement. In that event, this case (SC15-312) will be returned for a hearing before the Florida Judicial Qualifications Commission.

On May 8, 2015, Judge Schwartz and the JQC timely filed a revised consent judgment in which the parties agreed to the terms outlined in the April 29, 2015, order. Judge Schwartz waived her right to further hearings, subject to this Court's approval of the revised consent judgment.

## II. ANALYSIS

This Court "may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the [JQC] and it may order that the . . . judge be subjected to appropriate discipline." See, e.g., In re Sheehan, 139 So. 3d 290, 291-92 (Fla. 2014) (quoting Art. V, § 12(c)(1), Fla. Const.). "This Court reviews the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence, and reviews the recommended discipline to determine whether it should be approved." In re Flood, 150 So. 3d 1097, 1098 (Fla. 2014) (quoting In re Woodard, 919 So. 2d 389, 390 (Fla. 2006)). "Although this Court gives the findings and recommendations of the JQC great weight, the ultimate power and responsibility in making a determination to discipline a judge rests with this Court." Id. (quoting In re Renke, 933 So. 2d 482, 493 (Fla. 2006)).

The JQC found that Judge Schwartz's conduct violated Canons 1, 2A, 3B(8), 4A(2), 4A(3), and 7A(3)(b) of the Code of Judicial Conduct. Canon 1 states: "An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing

high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved." Fla. Code of Jud. Conduct, Canon 1. Canon 2A states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Fla. Code of Jud. Conduct, Canon 2A. Canon 3B(8) states: "A judge shall dispose of all judicial matters promptly, efficiently, and fairly." Fla. Code of Jud. Conduct, Canon 3B(8). Canon 4A(2) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not . . . undermine the judge's independence, integrity, or impartiality." Fla. Code of Jud. Conduct, Canon 4A(2). Canon 4A(3) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not . . . demean the judicial office." Fla. Code of Jud. Conduct, Canon 4A(3). Canon 7A(3)(b) states: "A candidate for judicial office . . . shall maintain the dignity appropriate to judicial office and act in a manner consistent with the impartiality, integrity, and independence of the judiciary. . . ." Fla. Code of Jud. Conduct, Canon 7A(3)(b).

Campaign Sign Confrontation

While this Court has repeatedly concluded that "cases involving a judge's rude or intemperate behavior in open court" are subject to discipline, see In re Wood, 720 So. 2d 506, 509 (Fla. 1998), a judge retains a similar obligation to maintain high standards of conduct when outside of the courtroom. Judge

Schwartz's rude and intemperate interaction with Mr. Hussain during the course of her judicial election campaign failed to enforce the high standards of conduct expected of a judicial officer. Although in In re Wood and similar cases involving issues of rude or intemperate behavior this Court has held that a public reprimand was a sufficient sanction, we observe that Judge Schwartz's behavior is not limited to this isolated incident.

Improper Use of Authority

The JQC also found and Judge Schwartz admitted that she used her bailiff to permanently remove her notes from a court file, including those that were written on original documents contained therein. This Court addressed a situation where a judge engaged in an improper use of authority in In re Holloway, 832 So. 2d 716 (Fla. 2002). In In re Holloway, Judge Holloway was a witness in a contested custody dispute. Id. at 717. Judge Holloway engaged in improper ex parte communication with the assigned judge, and during depositions in the case, she provided false or misleading statements about her contact with that judge and with law enforcement. Id. at 718-19; 727. Subsequent to the depositions, Judge Holloway executed a "misleading, vague, incomplete, [and] inaccurate" errata sheet that "intended to keep secret [her] inappropriate contact with [the assigned

judge]." Id. at 720.[1] This Court rejected Judge Holloway's argument that a public reprimand alone was the appropriate sanction, and it additionally ordered a thirty-day unpaid suspension and the payment of costs.

Appropriate Sanction

We have held that "where a judge admits to wrongdoing and the JQC's findings are undisputed, this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." In re Flood, 150 So. 3d at 1098 (quoting In re Diaz, 908 So. 2d 334, 337 (Fla. 2005)). Where the JQC's findings are supported by clear and convincing evidence, such findings are entitled to "persuasive force and great weight" in our consideration of the JQC's recommended discipline. Id. (quoting In re Maloney, 916 So. 2d 786, 788 (Fla. 2005)).

In its findings and recommendations, the JQC "concluded that [Judge Schwartz's] obscene remarks, discourteous behavior, and improper removal of official court documents, undermined the judge's integrity, and demeaned the judicial office she holds." Consistent with these findings, Judge Schwartz admitted her wrongful actions that resulted in multiple violations of the Code of Judicial

---

1. Additionally, in a separate proceeding, Judge Holloway entered into a courtroom and asked the presiding judge if her brother's hearing could be handled out of turn so that he could catch a plane. Id.

- 7 -

Conduct. Thus, we conclude that the JQC's findings are supported by clear and convincing evidence.

We have considered that Judge Schwartz "has admitted the foregoing, accepts full responsibility, and acknowledges that such conduct should not have occurred." However, the terms of the Stipulation entered into by the JQC and Judge Schwartz were simply insufficient to address the severity of Judge Schwartz's misconduct and necessitated this Court's order dated April 29, 2015. Now, the JQC and Judge Schwartz having entered into a revised consent judgment with terms more appropriate to address the acts of misconduct in this case, we approve the terms of the revised consent judgment imposing a public reprimand before this Court, a thirty-day suspension without pay, a letter of apology to Mr. Hussain, and a $10,000 fine.

## III. CONCLUSION

In summary, we accept the revised consent judgment entered into by Judge Jacqueline Schwartz and the JQC. Accordingly, we hereby command Judge Jacqueline Schwartz to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court. We further approve the imposition of a thirty-day suspension without pay, a letter of apology to Mr. Hussain, and a $10,000 fine.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Ricardo Morales, III, Chair, Michael Louis Schneider, Executive Director, and Alexander John Williams, General Counsel, Tallahassee, Florida,

    for Florida Judicial Qualifications Commission, Petitioner

Jeffrey Evan Feiler, Miami, Florida,

    for Judge Jaqueline Schwartz, Respondent