# Supreme Court of Florida

_____

No. SC18-950

_____

**INQUIRY CONCERNING A JUDGE NO. 18-108 RE: DEBORAH WHITE-LABORA.**

November 15, 2018

PER CURIAM.

In this case, we review the findings, conclusions, and recommendation of the Judicial Qualifications Commission (JQC) concerning Judge Deborah White-Labora, a judge of the Miami-Dade County Court, and the stipulation entered into between Judge White-Labora and the JQC. We have jurisdiction. *See* art. V, § 12, Fla. Const. As explained below, we approve the parties' stipulation to the allegation that Judge White-Labora improperly provided a character reference letter, on her official court stationery, on behalf of a criminal defendant awaiting sentencing in federal court, as well as the JQC's finding that this misconduct violated two canons of the Code of Judicial Conduct. We also approve the stipulated discipline of a public reprimand.

# FACTS

In its Notice of Formal Charges, the JQC accused Judge White-Labora of

engaging in improper conduct in violation of two canons of the Code of Judicial

Conduct, in pertinent part as follows:

> 1. In January of 2018, you wrote a character reference letter on behalf of a criminal defendant awaiting sentencing in federal court. . . . This letter was written on your judicial letter head, and signed "Deborah White-Labora, County Court Judge." . . .
> 2. Such character reference letters are prohibited by the Canons and have resulted in published disciplinary cases. . . .
> 3. Your public support for this defendant was noted in an article published by the Miami-Herald.
> Your actions constitute inappropriate conduct that violate Canons 1 and 2 of the Florida Code of Judicial Conduct.

Following an investigative hearing, Judge White-Labora entered into a

factual stipulation with the JQC admitting the charges, apologizing for her

improper conduct, and accepting the public reprimand as recommended by the

JQC investigative panel. Based on the stipulation, the panel concluded that Judge

White-Labora violated Canons 1[1] and 2[2] of the Code of Judicial Conduct.

---

1. Canon 1 states: "An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved."

2. Canon 2 states, in pertinent part:

Thereafter, the JQC panel made its findings and recommendations of discipline, in

which it stated in pertinent part:

> The Investigative Panel of the Commission has now entered into a Stipulation with Judge White-Labora in which Judge White-Labora admits that her conduct, in writing and sending a letter of reference to a sentencing judge, on behalf of a criminal defendant awaiting sentencing in federal court[,] was inappropriate. This conduct violated Canons 1 and 2 of the Code of Judicial Conduct, as set forth in the Stipulation and Notice of Formal Charges submitted herewith.
>
> Judge White-Labora has admitted the foregoing, accepts full responsibility, and acknowledges that such conduct should not have occurred. She has cooperated fully with the JQC.
>
> The Judicial Qualifications Commission has concluded that while the judge did not intend to violate the Canons, she did not take appropriate steps to inform herself about the propriety of sending such a letter. Additionally, the Commission is mindful of the fact that her action in writing the letter, while inappropriate, was not motivated by selfish interests or motives. The JQC also notes Judge White-Labora's lengthy and heretofore unblemished service as a judicial officer.
>
> Finally, the Commission believes that it is useful to note how such misconduct has been treated in the past [namely through the sanction of a public reprimand]. . . .
>
> Accordingly, the Commission therefore finds and recommends that in the interests of justice, the public welfare and sound juridical

---

A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

B. A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness.

administration will be well served by a public reprimand of Judge White-Labora.

## JQC'S FINDINGS

This Court may "accept, reject, or modify in whole or in part" the findings and conclusions of the JQC. Art. V, § 12(c)(1), Fla. Const. "This Court reviews the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence, and reviews the recommended discipline to determine whether it should be approved." *In re Holder*, 195 So. 3d 1133, 1137 (Fla. 2016) (quoting *In re Flood*, 150 So. 3d 1097, 1098 (Fla. 2014)). "Although this Court gives the findings and recommendations of the JQC great weight, the ultimate power and responsibility in making a determination to discipline a judge rests with this Court." *Id.* (quoting *In re Flood*, 150 So. 3d at 1098).

Judge White-Labora has admitted to the factual allegations regarding her actions and does not dispute the JQC's findings. We have held that "where a judge admits to wrongdoing and the JQC's findings are undisputed, this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." *Id.* (quoting *In re Flood*, 150 So. 3d at 1098). We do so in this case.

We further conclude that Judge White-Labora violated Canons 1 and 2 by writing and submitting a character reference letter, on her official court stationery, on behalf of a criminal defendant awaiting sentencing in federal court. By engaging in such conduct, Judge White-Labora failed to maintain the high

- 4 -

standards of conduct necessary to preserve the integrity of the judiciary, violating Canon 1, and she acted in a manner that could potentially undermine public confidence in the integrity and impartiality of the judiciary, violating Canon 2A. Further, in violation of Canon 2B, Judge White-Labora created the appearance of impropriety and partiality by improperly lending the prestige of her office to advance the private interests of the defendant for whom she improperly acted as a character witness.

## RECOMMENDED DISCIPLINE

This Court is empowered to accept, modify, or reject the JQC's recommendations and "order that the . . . judge be subjected to appropriate discipline." Art. V, § 12(c)(1), Fla. Const. In reaching an agreement with Judge White-Labora on the recommended sanction, the JQC Investigative Panel noted that Judge White-Labora fully cooperated with the JQC, admitted her misconduct, accepted full responsibility for it, and acknowledged that it should not have occurred. The JQC also recognized that, although Judge White-Labora did not take the appropriate steps to inform herself of the propriety of sending the letter, she did not send the letter to promote selfish interests, and she has a lengthy and otherwise previously unblemished history of judicial service.

Although we recognize that Judge White-Labora's conduct was well-intentioned, as Judge White-Labora understands by her agreement to the violations

and discipline, her conduct is prohibited by the Code of Judicial Conduct. "[T]he object of disciplinary proceedings is not for the purpose of inflicting punishment, but rather to gauge a judge's fitness to serve as an impartial judicial officer." *In re McMillan*, 797 So. 2d 560, 571 (Fla. 2001). Under our precedent, Judge White-Labora's conduct warrants a public reprimand. *See In re Ward*, 654 So. 2d 549 (Fla. 1995) (public reprimand appropriate sanction for judge who provided character reference letter on official court stationery on behalf of defendant awaiting sentencing in federal court); *In re Abel*, 632 So. 2d 600 (Fla. 1994) (same).

## CONCLUSION

We conclude that there is clear and convincing evidence to support the findings of fact for the charges, and we approve the stipulation entered into by Judge White-Labora and the JQC. Accordingly, we hereby command Judge Deborah White-Labora to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION.

NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A
REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Honorable Krista Marx, Chair, Michael Louis Schneider, Executive Director and
General Counsel, Alexander John Williams, Assistant General Counsel, Judicial
Qualifications Commission, Tallahassee, Florida,

    for Florida Judicial Qualifications Commission, Petitioner

Judge Deborah White-Labora, Judge, pro se, Eleventh Judicial Circuit, Miami,
Florida,

    for Respondent