# Supreme Court of Florida

————————

No. SC18-2060

————————

**INQUIRY CONCERNING A JUDGE NO. 18-352
RE: DENNIS DANIEL BAILEY.**

April 11, 2019

PER CURIAM.

During a felony criminal trial, Judge Dennis Daniel Bailey ordered his courtroom deputy, loudly and in front of the jury, to remove one of the defendant's attorneys from a sidebar conference. He then improperly denied the defendant's disqualification motion. Judge Bailey and the Judicial Qualifications Commission have stipulated that he violated the Code of Judicial Conduct and should be publicly reprimanded.[1] We approve the stipulation.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 17, 2018, Judge Bailey was presiding over Genesis Espejo's felony criminal trial in Broward County. During the trial, a legal issue came up that

_____

1. We have jurisdiction. *See* art. V, § 12, Fla. Const.

required a sidebar conversation. Ms. Espejo's two attorneys left the defense table and came to the bench for the sidebar. As found by the commission,

> [w]hen one of the attorneys tried to help his colleague articulate a point during the sidebar, Judge Bailey repeatedly attempted to quiet him by saying, "One lawyer at a time," "Only one lawyer argues," followed shortly thereafter by, "You have a hard time understanding me? Two lawyers can't argue one argument."

There was no standing order that only one attorney per side was allowed to argue a point, and this was the first time Judge Bailey communicated such an order to counsel.

As the attorney who was trying to help his colleague started to say, "Judge I mean no disrespect," Judge Bailey raised his voice over the "white noise" that he turned on during the sidebar conversation and ordered his courtroom deputy to approach the bench and "return this attorney to his table." "The attorney immediately retreated away from the sidebar and back to counsel table as soon as he saw the deputy approaching." Had the attorney not retreated to counsel table, Judge Bailey "would have allowed the deputy to use physical force, 'if necessary.' " All of this was "in full view and hearing of the jury."

Ms. Espejo's non-removed attorney then moved for time to file a disqualification motion. Judge Bailey allowed a forty-five-minute break to draft and file the motion to disqualify, and then denied it as legally insufficient. Judge Bailey improperly denied the motion because he believed it was a "trial tactic" and

he could be fair to the parties. He "did not consider the motion from the defendant's perspective when considering whether or not to grant it."

Based on the sidebar conversation and disqualification motion in the *Espejo* trial, the commission charged Judge Bailey with violating canons 1, 2A, 3B(1), 3B(4), and 3B(7) of the Florida Code of Judicial Conduct.[2] The commission held a hearing on the charges (at which Judge Bailey testified), found probable cause for the violations, and recommended that Judge Bailey be publicly reprimanded.

---

2. Canon 1 states: "An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective." Fla. Code Jud. Conduct, Canon 1.

Canon 2A states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Fla. Code Jud. Conduct, Canon 2A.

Canon 3B(1) states: "A judge shall hear and decide matters assigned to the judge except those in which disqualification is required." Fla. Code Jud. Conduct, Canon 3B(1).

Canon 3B(4) states in pertinent part that "[a] judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity." Fla. Code Jud. Conduct, Canon 3B(4).

Canon 3B(7) states in pertinent part that "[a] judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law." Fla. Code Jud. Conduct, Canon 3B(7).

- 3 -

Following the hearing, Judge Bailey stipulated that he did not contest the commission's findings and accepted the recommended discipline.

## REVIEW OF THE COMMISSION'S FINDINGS

Still, despite the stipulation, it is up to us to "accept, reject, or modify in whole or in part" the commission's findings and conclusions. Art. V, § 12(c)(1), Fla. Const. We review the commission's findings "to determine whether the alleged violations are supported by clear and convincing evidence." *In re White-Labora*, 257 So. 3d 367, 369 (Fla. 2018) (quoting *In re Holder*, 195 So. 3d 1133, 1137 (Fla. 2016)). Normally, where the commission's findings are undisputed and the "judge admits to wrongdoing," we conclude that the commission's findings are supported by clear and convincing evidence. *Id.* (quoting *Holder*, 195 So. 3d at 1137). That is what we will do here.

Judge Bailey admitted that "his conduct was inappropriate [and] intemperate and violated the Canons."

> [He] admitted and acknowledged that his conduct was not patient, dignified, and courteous as required by Canon 3B(4); that he did not act in a manner that promotes public confidence in the integrity and impartiality of the judiciary (Canon 2A); and that he did not personally observe the high standards of conduct required to preserve the integrity and independence of the judiciary (Canon 1).

And Judge Bailey acknowledged "that he did not properly consider the motion to disqualify from the defendant's perspective" and "did not consider the prejudice his actions may have had on the final verdict."

- 4 -

Based on the commission's uncontested findings, and Judge Bailey's admissions, we agree that Judge Bailey did not establish, maintain, and enforce the highest standard of conduct (Canon 1); did not promote public confidence in the integrity and impartiality of the judiciary (Canon 2); heard a matter in which disqualification was required (Canon 3B(1)); was not patient, dignified, and courteous to lawyers (Canon 3B(4)); and did not accord the lawyers a right to be heard according to law (Canon 3B(7)). In particular, we agree with the commission's findings as follows:

> It is impossible to ignore the fact that the efficient administration of justice sometimes requires judges to place restrictions on the presentation of cases or arguments; such as a one-person-per-argument policy. However, such a policy should not be enforced arbitrarily, and never under the threat of physical force, in full view and hearing of the jury.

> There are tools that judges have for dealing with inappropriate conduct by lawyers: admonishment, referrals to the Florida Bar, or in extreme cases – contempt proceedings. All of these were available to Judge Bailey if he truly felt that the attorneys were disruptive during the *Espejo* trial. Yet he chose not to utilize any of them.

> While it is necessary for a judge to maintain order and decorum during proceedings, the evidence shows that the two attorneys were speaking respectfully to the Court during the sidebar, and were merely taking turns addressing the court, not speaking over each other. It appears that the attorneys had not breached the order and decorum of the proceedings in any way, other than aggravating Judge Bailey by working together to articulate an argument during a sidebar.

> . . . .

. . . [B]y inviting physical force be visited upon an attorney making an argument during trial, in full view of the jury, Judge Bailey's misconduct was egregious enough that it harmed the integrity of the judiciary, as well as the public's confidence in the judicial system . . . .

## REVIEW OF RECOMMENDED DISCIPLINE

For his violations of the code, the commission recommended that Judge Bailey be publicly reprimanded. Where the commission's findings are supported by clear and convincing evidence, as they are here, we give them "persuasive force and great weight" in our consideration of the recommended discipline, *In re Recksiedler*, 161 So. 3d 398, 401 (Fla. 2015) (quoting *In re Flood*, 150 So. 3d 1097, 1099 (Fla. 2014)), although "the ultimate power and responsibility in making a determination rests with this Court." *In re Contini*, 205 So. 3d 1281, 1284 (Fla. 2016) (quoting *In re Davey*, 645 So. 2d 398, 404 (Fla. 1994)).

Four factors support the commission's recommendation of a public reprimand rather than a more severe sanction for Judge Bailey's conduct. First, Judge Bailey admitted what he did, acknowledged that it should never have occurred, and accepted full responsibility for his actions. Judge Bailey fully cooperated with the commission throughout its investigation. *See White-Labora*, 257 So. 3d at 369 ("[T]he JQC Investigative Panel noted that Judge White-Labora fully cooperated with the JQC, admitted her misconduct, accepted full

responsibility for it, and acknowledged that it should not have occurred."); *Contini*, 205 So. 3d at 1284 ("Judge Contini accepted full responsibility for his actions at every stage of these proceedings and, according to the JQC, he 'expressed sincere remorse.'"); *In re Holder*, 195 So. 3d 1133, 1137-38 (Fla. 2016) ("[T]he JQC Investigative Panel noted that Judge Holder accepted full responsibility for his misconduct involving the defendant, and admitted that though he only intended to help the defendant, his actions went too far, creating the appearance of impropriety and partiality and that Judge Holder further regretted and apologized for the misconduct."); *Recksiedler*, 161 So. 3d at 401 ("We have also considered that Judge Recksiedler 'accepts full responsibility for the conduct set forth above, admits that it should not have occurred, and regrets and apologizes for such conduct.' We therefore approve the recommended discipline of a public reprimand.").

Second, in Judge Bailey's time on the bench, he has had no disciplinary problems. And he did not have any disciplinary history in his years as a lawyer. *See White-Labora*, 257 So. 3d at 369 ("The JQC also recognized that, although Judge White-Labora did not take the appropriate steps to inform herself of the propriety of sending the letter, she did not send the letter to promote selfish interests, and she has a lengthy and otherwise previously unblemished history of judicial service."); *In re Flood*, 150 So. 3d 1097, 1099 (Fla. 2014) ("We recognize,

- 7 -

however, that in this case the misconduct was an isolated incident in an otherwise exemplary career as a judge.").

Third, Judge Bailey, on his own, signed up for stress management counseling "so that in the future, he is better equipped to handle stressful situations, and does not resort to knee-jerk reactions." He has also apologized, in writing, to Ms. Espejo's attorney for what happened during the trial. *See In re Shea*, 110 So. 3d 414, 419 (Fla. 2013) ("Here, too, were it not for the mitigating circumstances surrounding Judge Shea's misconduct, particularly his self-initiated participation in anger management therapy and his appeals for guidance from more experienced members of the judiciary, this Court would more severely sanction Judge Shea. But in view of the smaller number of infractions as clarified by the second stipulation and Judge Shea's successful and ongoing efforts to manage his temper and foster professionalism, we approve the recommendation of a public reprimand, to be administered by this Court at a future date. We further direct Judge Shea to—within thirty days of the filing of this opinion—write and mail personal letters of apology to those individuals identified in the second stipulation and to continue mental health treatment as recommended by his doctor and family therapist."); *In re Wood*, 720 So. 2d 506, 508-09 (Fla. 1998) ("In reviewing the parties' stipulation, we have considered the admonishment Judge Wood received from the JQC in 1994, his admitted misconduct at issue, his voluntary enrollment

in an anger and stress management program, as well as relevant case law. After considering those factors, we approve the parties' stipulation and publicly reprimand Judge Wood.").

And fourth, we have imposed similar discipline for similar conduct. "[A] public reprimand is the appropriate form of discipline for a 'judge's rude or intemperate behavior in open court,' " we have said. *In re Collins*, 195 So. 3d 1129, 1132 (Fla. 2016) (quoting *Wood*, 720 So. 2d at 509); *see also Shea*, 110 So. 3d at 416, 419 (finding that a public reprimand, letters of apology, and continued mental health treatment were adequate sanctions for a judge exhibiting a pattern of "rude and intemperate behavior" over a course of four years). We see no reason to do anything different here, especially given Judge Bailey's acceptance of responsibility, history of no disciplinary problems, and initiative in apologizing to Ms. Espejo's counsel and in addressing his anger issues.

## CONCLUSION

For these reasons, we accept the commission's stipulated findings and recommendation that Judge Bailey violated the Code of Judicial Conduct and be publicly reprimanded as a result. We therefore command Judge Dennis Daniel Bailey to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Honorable Krista Marx, Chair, Michael Louis Schneider, Executive Director, Alexander John Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida,

     for Florida Judicial Qualifications Commission, Petitioner

Michael E. Dutko of Dutko & Kroll, PA, Fort Lauderdale, Florida,

     for Judge Dennis Daniel Bailey, Respondent