# Supreme Court of Florida

_____

No. SC19-1302
_____

**INQUIRY CONCERNING A JUDGE NO. 19-101 & NO. 19-175 RE: ROBIN C. LEMONIDIS.**

November 14, 2019

PER CURIAM.

In this case, we review the findings and recommendation of the Florida Judicial Qualifications Commission (JQC) concerning misconduct by Judge Robin C. Lemonidis of the Eighteenth Judicial Circuit, as well as a stipulation entered into by Judge Lemonidis and the JQC. We have jurisdiction. *See* art. V, § 12, Fla. Const. For the reasons explained below, we accept the stipulation and approve the JQC's findings and recommended sanctions.

## BACKGROUND

This case stems from Judge Lemonidis's conduct in two incidents that occurred in proceedings related to two different matters: *State v. Francis*, 052016CF012745AXXXXX, and *State v. Welch*, 052000CF044961AXXXXX. The first incident occurred during the *Francis* trial. In response to defense

counsel's violation of courtroom rules—specifically, his failure to "address[] all participants by their surname[s]"—Judge Lemonidis employed an "adversarial tone and demeanor when" speaking to "the defendant and his attorney." On at least five separate occasions, "Judge Lemonidis repeatedly and loudly struck her gavel" while admonishing defense counsel for using only the defendant's first name. Early in the proceedings, Judge Lemonidis was warned that a juror had been overheard "commenting about [her] treatment of the defense counsel." But she continued to reprimand defense counsel in full view of the jury, often using "facial expressions and a tone of voice" that indicated her frustration. Judge Lemonidis behaved similarly in her interactions with witnesses and others involved in the proceedings, "at times appearing openly annoyed . . . by the person she was addressing."

The second incident occurred as "Judge Lemonidis presided over a retrial of the penalty phase" in *Welch*. The defendant had previously pleaded guilty to two counts of first-degree murder, for which the State sought the death penalty. When the jury declined to recommend the death penalty, Judge Lemonidis held a sentencing hearing.

During the hearing, Judge Lemonidis listened to impact statements from the victims' family members before "impos[ing] the legally required life sentences." Judge Lemonidis made the following remarks during the sentencing colloquy:

And uh sir, I cannot disagree with a single thing that [the victim's family member] said and I'm glad she said it.

. . . .

[Other impact speakers] are far more gracious soul[s] than a person like you deserves. And that is something you're going to get to ponder for the rest of your miserable life. There is a Chinese proverb, do good, reap good, do evil, reap evil—which section will you sit in sir? There's no doubt in my mind. And I tend to agree that the outcome might have been different had this been three years ago. . . .

. . . .

I hope you see the [victims'] faces on every single face you see. You have—The collateral damage that you have caused, sir, is immeasurable and your life is—is not worthy of what you have done to these people. I do hope you do fight for your life every minute of every day. And that would be the only reason that I would hope your life is any longer than six weeks.

Resulting from her conduct in the *Francis* and *Welch* proceedings, the JQC served an Amended Notice of Investigation on Judge Lemonidis. The JQC held an investigative hearing on May 24, 2019, at which Judge Lemonidis appeared with counsel and testified under oath. On August 1, 2019, the JQC formally charged Judge Lemonidis with violating the Code of Judicial Conduct. In its Amended Findings and Recommendation of Discipline, the JQC determined that Judge Lemonidis violated Canons 1, 2A, 3B(4), and 3B(5),[1] and proposed that a public

---

1. Canon 1 provides:

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and

- 3 -

reprimand and continued participation in stress management counseling were the appropriate sanctions. The parties also executed a stipulation, in which Judge Lemonidis admitted to the conduct, agreed that she violated the Code of Judicial Conduct, and accepted the recommended discipline.

## REVIEW OF THE JQC'S FINDINGS

This "[C]ourt may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the" JQC. Art. V, § 12(c)(1), Fla. Const. We "review[] the findings of the JQC to determine whether the alleged violations are supported by clear and convincing evidence." *In re White-Labora*, 257 So. 3d 367, 369 (Fla. 2018) (quoting *In re Holder*, 195 So. 3d 1133, 1137 (Fla. 2016)).

---

independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

Canon 2A provides:

A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 3B(4) provides, in pertinent part:

A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity . . . .

Canon 3B(5) provides, in pertinent part:

A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice . . . .

When the respondent "judge admits to wrongdoing and the JQC's findings are undisputed, this Court will ordinarily conclude that the JQC's findings are supported by clear and convincing evidence." *Id.* (quoting *In re Holder*, 195 So. 3d at 1137). We reach that conclusion in this case.

Judge Lemonidis does not contest the factual allegations regarding her conduct, and concedes that her behavior "was inappropriate, intemperate, and violated the Canons." Based on her admissions and the JQC's findings, we agree that Judge Lemonidis failed to establish, maintain, and enforce the highest standard of conduct (Canon 1); did not promote public confidence in the integrity and impartiality of the judiciary (Canon 2A); was not patient, dignified, and courteous to litigants and lawyers (Canon 3B(4)); and neglected to perform her judicial duties without evidencing bias or prejudice (Canon 3B(5)).

Like the JQC, we are particularly concerned by "Judge Lemonidis'[s] failure to exercise self-control" during the *Francis* trial after she was informed that a juror had commented on her perceived dislike of defense counsel. Such an allegation should have made Judge Lemonidis aware of the need to "regulat[e] her own conduct" to preserve the appearance of impartiality. We further agree that Judge Lemonidis's comments during the *Welch* sentencing hearing—especially those articulating a desire to see the defendant "fight for [his] life" or die within the next six weeks—compromised the integrity of the judiciary. As observed by the JQC,

"it is essential" that judges refrain from "degrad[ing] the solemnity of proceedings by casting insults and abuse upon litigants."

## REVIEW OF THE RECOMMENDED DISCIPLINE

We review the JQC's "recommendation of discipline to determine 'whether it should be approved or whether other discipline is appropriate.' " *In re Decker*, 212 So. 3d 291, 300-01 (Fla. 2017) (quoting *In re Renke*, 933 So. 2d 482, 486 (Fla. 2006)).  Here, the JQC recommends that Judge Lemonidis receive a public reprimand and further proposes that she "continue to participate in a course of stress management counseling."  Because we have imposed comparable sanctions in similar cases, we approve the JQC's recommendation.  *See, e.g.*, *In re Schapiro*, 845 So. 2d 170, 174 (Fla. 2003) (ordering a public reprimand with conditions, including participation in a psychological or behavioral treatment program, for a judge who engaged in a pattern of rude and intemperate behavior).

## CONCLUSION

We conclude that the JQC's findings are supported by clear and convincing evidence, and we approve both the JQC's recommended discipline and the stipulation entered into by Judge Lemonidis and the JQC.  Accordingly, we hereby command Judge Robin C. Lemonidis to appear before this Court for the

administration of a public reprimand at a time to be established by the Clerk of this

Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Honorable Krista Marx, Chair, and Alexander J. Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida;

for Florida Judicial Qualifications Commission, Petitioner

Warren Lindsey of Lindsey & Ferry, P.A., Winter Park, Florida,

for Judge Robin Lemonidis, Respondent