# Supreme Court of Florida

————————

No. SC2023-1435

————————

**INQUIRY CONCERNING A JUDGE JQC NOS. 2023-006 &
2023-067 RE: HON. JOHN B. FLYNN.**

November 27, 2024

PER CURIAM.

During a successful 2022 race for Polk County Judge, John B. Flynn and his campaign repeatedly signaled support for law enforcement agencies in a way that could cast doubt on his impartiality. The Judicial Qualifications Commission and Judge Flynn have filed in this Court an Amended Stipulation and Amended Findings and Recommendation of Discipline agreeing that Flynn's conduct violated Canons 7A(3)(a), 7A(3)(b), 7A(3)(c), and 7A(3)(e)(i) of the Code of Judicial Conduct. The parties further agree that Judge Flynn should be disciplined by the imposition of a 25-day suspension without pay and a public reprimand. We accept the stipulation and findings and will impose the recommended discipline. *See* art. V, § 12(c)(1), Fla. Const. ("The supreme court

may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission . . . .").

According to the parties' stipulation, Judge Flynn made or approved the following statements during his 2022 judicial campaign: "Support law enforcement"; "Support our law enforcement agencies"; "Criminals won't be happy to see me on the bench[.] I am tough[;] if someone is found guilty the punishment should sting enough for the person to learn criminal behavior won't be tolerated"; and "I will sentence based on history because that is the best indication of future behavior and if they have a history Grady's Hotel (aka the jail) is open 24*7 365 days a year." Because of these statements, when Judge Flynn took office, his chief judge had to make administrative adjustments to ensure that Flynn was not assigned to a criminal docket. Consistent with our precedents, we treat these stipulated facts as supported by clear and convincing evidence. *In re Bailey*, 267 So. 3d 992, 995 (Fla. 2019).

We agree with the Commission and Judge Flynn that these statements, viewed in their totality, constitute "very serious" misconduct. Directly relevant here is Canon 7A(3)(b), which requires candidates for judicial office to "act in a manner consistent

with the impartiality, integrity, and independence of the judiciary." Canon 7A(3)(e)(i) is also implicated. That canon prohibits judicial candidates from making "pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office." The Commission is right that "[t]here are few campaign tactics more corrosive to the integrity and impartiality of the judicial system than a candidate broadcasting his or her support for one party or another." We have no trouble agreeing with the parties that Judge Flynn's campaign statements, viewed collectively, violated Canons 7A(3)(a), 7A(3)(b), 7A(3)(c), and 7A(3)(e)(i) of the Code of Judicial Conduct. *See In re Kinsey*, 842 So. 2d 77, 88-89 (Fla. 2003) (canons violated where judicial candidate's statements collectively showed implied pledge to favor law enforcement).

In fashioning its recommended discipline, the Commission noted Judge Flynn's immediate acceptance of responsibility, his remorse, and his cooperation with the panel investigating his case. The Commission also considered Flynn's newness to the bench and his clean disciplinary record as a lawyer and judge. We agree with the Commission that these are mitigating circumstances.

- 3 -

For all these reasons, we approve the Amended Stipulation and Amended Findings and Recommendation of Discipline in this matter. Judge Flynn is hereby suspended from his judicial duties for 25 days, without pay, effective on a date within 30 days of the issuance of this opinion and as determined by the Chief Judge of the Tenth Judicial Circuit. We further order Judge Flynn to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Gregory W. Coleman, Chair, and Alexander J. Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Victor Smith, Winter Haven, Florida,

for Judge John B. Flynn, Respondent